Opinion
WERDEGAR, J.
Like the companion case of Moshonov v. Walsh (2000) 22 Cal.4th 771 [94 Cal.Rptr.2d 597, 996 P.2d 699] (Moshonov), this case *784 presents a question as to whether a binding arbitration award may be judicially corrected to award a party attorney fees the arbitrator declined to provide. Although the facts of the two cases differ significantly, we conclude the award here, like that in Moshonov, is not subject to correction.
The trial court ordered this dispute over the validity and enforcement of secured loan agreements to contractual arbitration pursuant to predispute arbitration clauses in the loan agreements. The arbitration panel decided generally for plaintiffs, awarding them all the relief they had sought, at least in the arbitration itself, on their contract causes of action. Because the loan agreements and deeds of trust contained provisions entitling defendant to attorney fees on these causes of action had defendant prevailed, plaintiffs themselves were arguably entitled to recover such fees as costs under Civil Code section 1717. Without making a finding as to the existence or nonexistence of a prevailing party, however, the arbitrators instead decided that each party was to bear its own attorney fees.
The superior court denied plaintiffs’ motion to correct the award (Code Civ. Proc., § 1286.6)[1] to include an award of attorney fees; the Court of Appeal affirmed. We conclude the lower courts acted correctly: Where the entitlement of a party to attorney fees under Civil Code section 1717 is within the scope of the issues submitted for binding arbitration, the arbitrators do not “exceed[] their powers” (§§ 1286.2, subd. (d), 1286.6, subd. (b)), as we have understood that narrow limitation on arbitral finality, by denying the party’s request for fees, even where such a denial order would be reversible legal error if made by a court in civil litigation. (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 28 [10 Cal.Rptr.2d 183, 832 P.2d 899] (Moncharsh); Advanced Micro Devices, Inc. v. Intel Corp. (1994) 9 Cal.4th 362, 376-381 [36 Cal.Rptr.2d 581, 885 P.2d 994] (Advanced Micro Devices).)
Procedural Background
Plaintiffs James, Ruth Ann and C. Dean Moore, Mary and Gary Smee, and Andrew and Leslie Cone sued the First Bank of San Luis Obispo (the Bank) for several causes of action arising out of a transaction in which plaintiffs, shareholders in a privately held real estate development corporation, had indebted themselves personally to the Bank, granting the Bank deeds of trust on their private residences, in an effort to obtain additional funds for the corporation’s property development scheme. Specifically, plaintiffs pleaded causes of action for fraud, cancellation of written instruments, breach of *785 contract, injunctive and declaratory relief, violation of the Racketeer Influenced Corrupt Organizations Act (RICO), and unfair or fraudulent business practices. In addition to equitable relief (i.e., orders voiding the loan agreements and deeds of trust, cancelling liens and enjoining the Bank from foreclosing on plaintiffs’ property), plaintiffs prayed for compensatory damages under their causes of action for fraud, breach of contract, RICO and unfair business practice, and for exemplary damages under their fraud, RICO and unfair business practice causes of action.
The Bank cross-complained for judicial foreclosure of the subject deeds of trust and for a deficiency judgment. Both plaintiffs’ complaint and the Bank’s cross-complaint prayed for an award of attorney fees.
The loan agreements contained a clause by which the parties agreed to arbitration, under American Arbitration Association (AAA) rules, of “all disputes, claims and controversies between us . . . arising from this Agreement or otherwise . . . .” The same documents contained a provision by which the plaintiff borrowers agreed to pay the Bank’s “collection costs,” including “our [the Bank’s] attorneys’ fees.” The incorporated deeds of trust contained a provision entitling the Bank, but not the borrowers, to reasonable attorney fees “[i]f Lender institutes any suit or action to enforce any of the terms of this Deed of Trust . . . .”
On the Bank’s petition to compel arbitration, pursuant to the arbitration clause in the loan agreements, the controversy was ordered to arbitration before an AAA panel of three arbitrators.[2]
On June 5, 1997, at the arbitration hearing, plaintiffs’ counsel, in response to an inquiry from one of the arbitrators, stated that plaintiffs were no longer pursuing a claim for damages, other than attorney fees. In a postarbitration brief dated June 19, 1997, however, counsel requested that the arbitrators award plaintiffs exemplary damages on their cause of action for fraud. In the postarbitration brief, as well as in a prehearing brief dated May 21, 1997, plaintiffs asked the arbitrators to award them their attorney fees as prevailing parties.
The arbitrators’ award ordered the Bank to cancel all obligations under the loan agreements, deeds of trust and liens, to obtain reconveyances of the deeds of trust, and to execute releases from the liens and promissory notes. *786 The award further provided that “[n]o monetary sum is owed to [plaintiffs] in this matter.” Without any explanation, the arbitrators further ordered that “[e]ach party shall pay its own attorney’s fees.”
The Bank petitioned the superior court to confirm the award, while plaintiffs, relying on DiMarco v. Chaney (1995) 31 Cal.App.4th 1809 [37 Cal.Rptr.2d 558] (DiMarco), petitioned for correction of the award pursuant to section 1286.6, subdivision (b), so as to award them their attorney fees. The superior court granted the petition to confirm and denied the petition to correct, finding the question of fees had been submitted to and decided by the arbitrators and was, therefore, unreviewable by the court under our decisions in Moncharsh, supra, 3 Cal.4th 1, and Advanced Micro Devices, supra, 9 Cal.4th 362. The Court of Appeal affirmed, reasoning that although plaintiffs were, as a matter of law, the prevailing parties for purposes of Civil Code section 1717, the arbitration panel’s refusal to award fees, an error of law on an issue within the arbitrators’ power to decide, could not be corrected under Moncharsh. The Court of Appeal declined to follow DiMarco, supra, 31 Cal.App.4th 1809, deeming its reasoning inconsistent with the holding of Moncharsh.
We granted plaintiffs’ petition for review.
Discussion
The opinion filed today in our companion case, Moshonov, supra, 22 Cal.4th 771, reviews the holdings and reasoning of Moncharsh, supra, 3 Cal.4th 1, Advanced Micro Devices, supra, 9 Cal.4th 362, and DiMarco, supra, 31 Cal.App.4th 1809. Rather than repeat those portions of the discussion, we proceed directly to analyze the present case in light of those decisions.
As in Moshonov, supra, 22 Cal.4th 771, we agree with the courts below that, under the principle of arbitral finality as explained in Moncharsh (3 Cal.4th at p. 28), the arbitrators’ award in the present case could not be judicially corrected to award plaintiffs their attorney fees. By agreement of the contracting parties, the fee question was within the arbitrators’ powers to decide. Both plaintiffs and defendant prayed for fees in their complaints. The controversy was ordered to binding arbitration pursuant to an agreement to arbitrate “all disputes, claims and controversies between us” and without, as far as the record shows, any judicially imposed limitation on the issues to be arbitrated. (See ante at p. 785, fn. 2.) At the outset of arbitration, plaintiffs abandoned some claims but continued, in their briefs and orally before the panel, to request an award of attorney fees. Under the agreed AAA rules of *787 arbitration, the arbitrators were empowered to grant “any remedy or relief that [they] deem[] just and equitable.” (AAA, Commercial Arbitration Rules (1993) rule 43, p. 17.) “The AAA rule has been described as ‘a broad grant of authority to fashion remedies’ [citation], and as giving the arbitrator ‘broad scope’ in choice of relief [citations].” (Advanced Micro Devices, supra, 9 Cal.4th at pp. 383-384.)
Under these circumstances the arbitrators had the power to decide the entire matter of recovery of attorney fees. The recovery or nonrecovery of fees being one of the “contested issues of law and fact submitted to the arbitrator for decision” (Moncharsh, supra, 3 Cal.4th at p. 28), the arbitrators’ decision was final and could not be judicially reviewed for error. “The arbitrator’s resolution of these issues is what the parties bargained for in the arbitration agreement.” (Ibid.)
Like the prevailing defendants in Moshonov, supra, 22 Cal.4th 771, plaintiffs here seek to distinguish between the substantive merits of the arbitrated controversy and the “ancillary” question of costs, including attorney fees. Only the former aspect of the case—the question of who was to prevail on the contract-related claims in dispute—was submitted, plaintiffs argue, for the arbitrators’ decision. Once that decision was made, the argument goes, the arbitrators had no power to deny fees to the prevailing party. Plaintiffs’ argument fails for the same reason as in Moshonov. the entire controversy, including all questions as to the ingredients of the award, was in fact submitted to the arbitrators in this case. Plaintiffs submitted the question of fees to the arbitrators, first, by submitting the entire controversy created by the pleadings, including the prayer for fees contained in their complaint, and, second, by actually requesting an award of fees from the arbitrators themselves. Having submitted the fees issue to arbitration, plaintiffs cannot maintain the arbitrators exceeded their powers, within the meaning of section 1286.6, subdivision (b), by deciding it, even if they decided it incorrectly.
Plaintiffs further contend the arbitrators, by awarding them all requested relief on their contract causes of action (the claims for damages on these counts having been abandoned at the outset of arbitration), must, as a matter of law, have implicitly designated plaintiffs the prevailing parties on the contract. Having done so, plaintiffs argue, the arbitrators had no power to refuse an award of attorney fees, for the parties’ underlying agreement made such an award mandatory. (See Advanced Micro Devices, supra, 9 Cal.4th at p. 381 [arbitrators would exceed their powers by awarding remedies “expressly forbidden by the arbitration agreement or submission”]; DiMarco, supra, 31 Cal.App.4th at p. 1815 [award could be corrected to provide fees *788 because “having made a finding Chaney was the prevailing party, the arbitrator was compelled by the terms of the agreement to award her reasonable attorney fees and costs”].)
Plaintiffs’ analysis fails because the arbitrators did not designate a prevailing party for purposes of Civil Code section 1717, either explicitly or implicitly. Plaintiffs may be correct that, under the analysis in Hsu v. Abbara (1995) 9 Cal.4th 863, 876 [39 Cal.Rptr.2d 824, 891 P.2d 804], they were the prevailing parties as a matter of law. Nonetheless the arbitrators were asked, but failed, to designate them as such. That failure amounted at most to an error of law on a submitted issue, which does not exceed the arbitrators’ powers under the holding of Moncharsh, supra, 3 Cal.4th at page 28. DiMarco, in which the arbitrator expressly designated a prevailing party but refused to award that party fees as mandated by the contract (31 Cal.App.4th at p. 1815), is thus distinguishable.
Plaintiffs’ overall success in the arbitration does not compel'the inference the arbitrators implicitly found them the prevailing parties. Although the arbitrators awarded plaintiffs the equitable relief they sought, because plaintiffs recovered no monetary damages—as sought in their complaint—the arbitrators may have considered plaintiffs to have been only partly successful and for that reason refused to designate them as the prevailing parties. Moreover, the arbitrators issued no written decision explaining their one-page award. Because the grounds for relief are thus not set forth on the record, the possibility remains that the arbitrators based the award to a significant degree on noncontractual theories, and thus saw no party that had unequivocally “prevailed] on the contract.” (Civ. Code, § 1717, italics added.) Even if legally erroneous, such an arbitral decision as to who, if anyone, prevailed in the contractual dispute .would not ordinarily be reviewable under section 1286.2 or 1286.6. (Creative Plastering, Inc. v. Hedley Builders, Inc. (1993) 19 Cal.App.4th 1662, 1666 [24 Cal.Rptr.2d 216].)
Conclusion
Neither this case nor Moshonov, supra, 22 Cal.4th 771, presents the question whether, when an arbitrator designates a prevailing party and the contract expressly calls for such a prevailing party to be awarded attorney fees, the arbitrator exceeds his or her powers, within the meaning of sections 1286.2 and 1286.6, by refusing the party’s request for an award of fees. The DiMarco court answered affirmatively (DiMarco, supra, 31 Cal.App.4th at p. 1815), and the parties in both our cases have argued variously for and against that answer. As explained above and in the Moshonov majority opinion, however, both our cases are distinguishable from DiMarco. Here, *789 the arbitrators did not designate plaintiffs as the prevailing parties either expressly or impliedly. In Moshonov, the arbitrator interpreted the contract’s attorney fees provision as inapplicable to the causes of action upon which the defendants had prevailed. (22 Cal.4th at p. 775.) Consequently, this court has yet to decide whether, in view of the principle that “[t]he powers of an arbitrator derive from, and are limited by, the agreement to arbitrate” (Advanced Micro Devices, supra, 9 Cal.4th at p. 375), an arbitrator’s refusal to award fees expressly mandated by the underlying contract may be judicially corrected under section 1286.6.
Disposition
The judgment of the Court of Appeal is affirmed.
George, C. J., Baxter, J., Chin, J., and Brown, J., concurred.

Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

The appellate record does not contain the order compelling arbitration. Plaintiffs, however, concede the superior court did indeed order the matter to binding arbitration pursuant to the loan agreements’ arbitration clause. Nowhere do they suggest that the court ordered arbitration of less than the “controversy in its entirety,” as the Bank sought in its petition.