[No. B135439. Second Dist., Div. Three. Feb. 27, 2001.]

CAROLE RING & ASSOCIATES, Plaintiff and Respondent, v.
MARIO A. NICASTRO, Defendant and Appellant.

254

COUNSEL

Lancaster & Associates and Michael J. Lancaster for Defendant and Appellant.

Law Offices of Daniel J. Doonan, Daniel J. Doonan and Suzanne K. Shapiro for Plaintiff and Respondent.

OPINION

KLEIN, P. J.—Defendant and appellant Mario A. Nicastro (Nicastro) appeals an order denying attorney fees and costs after Nicastro prevailed in an arbitration brought by plaintiff and respondent Carole Ring & Associates (Ring). Nicastro seeks attorney fees and costs he incurred at the arbitration level as well as attorney fees and costs incurred in postarbitration judicial proceedings.

The issue is whether a contract providing for arbitration and authorizing attorney fees and costs to the prevailing party may be relied on to support

*postarbitration* attorney fees and costs pursuant to Code of Civil Procedure section 1293.2, even though the arbitrator directed the parties to bear their own attorney fees and costs.[1]

Here, Nicastro is bound by the *judgment confirming the arbitration award*, including the arbitrator's refusal to award attorney fees and costs incurred during the arbitration proceeding. However, the arbitrator's decision does not prevent Nicastro's entitlement under the contract to recover attorney fees and costs incurred in postarbitration judicial proceedings, although that result may seem somewhat anomalous. Therefore, the order is affirmed in part and reversed in part.

### FACTUAL AND PROCEDURAL BACKGROUND

Nicastro was the owner of residential real property in Diamond Bar, California. On July 27, 1995, Nicastro listed the property for sale with Ring as the broker, executing a listing agreement for a term of six months to January 27, 1996. The agreement provided in pertinent part that Nicastro would pay to Ring a 6 percent broker's commission, ". . . (b) if the property is withdrawn from sale, transferred, conveyed, leased, rented, or made unmarketable by a voluntary act of seller, without the consent of the Broker, during the above time period. . . ."

On or about November 25, 1995, Nicastro leased the subject property for a one-year term. After learning of the execution of the lease, Ring made claim to its commission, based on the quoted contract language and the lease of the premises during the contract term without the broker's consent. Ring demanded $25,140 plus interest and attorney fees. Nicastro disputed Ring's claim. The term of the listing agreement expired on January 27, 1996. The tenant completed the one-year leasehold term and the property was not sold during that time.

1.  *Arbitration proceedings and award.*

The listing agreement contained an arbitration clause, requiring binding arbitration of "any dispute or claim . . . arising out of this contract. . . ." Accordingly, on Ring's request, the matter proceeded to arbitration. An arbitration hearing was held, with the arbitrator issuing a decision, finding for Nicastro. That decision reasoned as follows: "This matter was arbitrated

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

. . . on January 14, 1998, pursuant to a Stipulation executed by the parties. This dispute involved the claim by the Plaintiff for a full real estate brokers commission because the Defendant leased the property during the term of the listing agreement. Plaintiff claims that the fact of leasing the property in and of itself is sufficient to cause a breach [fn. omitted] of the listing agreement that would make Defendant responsible to her for a full brokers commission. [¶] The property was leased on November 25, 1995, the listing agreement terminated on January 27, 1996. *The Lessee executed a 30 day move out letter in event of a sale.* The letter was executed after the lease but before the termination of the listing agreement. *The Plaintiff never presented a ready and willing buyer at any time during the term of the listing agreement.* [¶] Based upon the testimony and the documents presented the Arbitrator finds for the Defendant. The execution of the lease, by itself, does [not] [fn. omitted] cause a breach of the listing agreement unless such actions render the property unmarketable. The actions of the Defendant in this case had no effect on the marketability of the property. The Plaintiff is not entitled to any commission." (Italics added.)

Although the contract entitled the prevailing party to attorney fees and costs[2] and Nicastro was the prevailing party in that the arbitrator had rejected Ring's claim for a commission, the arbitrator ruled: "Each party bears their own attorney's fees and costs."

2. *Superior court's vacation of arbitration award.*

Following Ring's unsuccessful attempt at reconsideration with the arbitrator, on March 4, 1998, Ring filed a petition in the superior court "For Judicial Review Of Arbitration Award And For Order To Vacate Arbitration Award." After briefing and argument, on April 13, 1998, the court agreed with Ring and granted the petition. The court's minute order reads: "Petition granted. [¶] A plain reading of the listing agreement demonstrates that the agreement was breached and the commission earned when the respondent entered into the one-year lease. That the lessee subsequently agreed, under alleged compulsion, to move out in the event the property was sold has no [e]ffect upon the breach. The arbitrator exceeded his powers within the meaning of C.C.P. 1286.2 (d) by disregarding the express terms of the agreement, which could not have been anticipated by claimant."

An "Order For Judgment" was filed on April 13, 1998.

---

[2]Paragraph 16 of the listing agreement states: "ATTORNEY'S FEES: In any action, proceeding, or arbitration arising out of this agreement, involving the Seller and/or Broker(s), the prevailing party shall be entitled to reasonable attorney's fees and costs[.]"

### 3. *This court's reversal of superior court's decision.*

Nicastro appealed, contending the superior court's order violated the restrictive standards for contract arbitration review, as interpreted in *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899]. Ring sought to uphold the superior court's ruling, contending the arbitrator exceeded his powers under section 1286.2, subdivision (d) by arbitrary reformation of the contract, warranting judicial intervention.

This court reversed the superior court's order vacating the arbitration award, and remanded the matter with instructions to enter a judgment confirming said award. We ruled: "Even if erroneous, the Arbitrator could, without exceeding his powers within the meaning of *Moncharsh* and without being irrational or arbitrary, construe the withdrawal-from-sale clause as applying only to homeowner conduct which *materially* impaired the marketability of the property, *or find that the contract equities favored Nicastro.*" (Italics added.)

In reversing the superior court's decision, we awarded Nicastro his costs on appeal.

The remittitur issued on May 18, 1999.

### 4. *Proceedings on remand.*

After receiving the favorable appellate ruling, Nicastro sought attorney fees and costs under the contract by filing a motion in the superior court. Nicastro argued that because the superior court's order vacating the arbitration award had been reversed, he was the prevailing party and was entitled to reasonable attorney fees and costs under the contract. Nicastro's motion sought attorney fees and costs incurred at the arbitration level, as well as attorney fees and costs incurred in postarbitration judicial proceedings. Nicastro also filed a petition for an order confirming the award and for entry of judgment in conformity therewith.

When the matter came on for hearing, the superior court ordered confirmation of the award and continued the hearing on the motion for attorney fees and costs. Thereafter, the superior court denied Nicastro's motion for attorney fees and granted Ring's motion to tax costs. In accordance with this court's directive, the superior court subsequently entered judgment confirming the arbitration award.

On September 14, 1999, Nicastro filed a timely notice of appeal from the August 17, 1999 order denying Nicastro's motion for attorney fees and granting Ring's motion to tax costs.[3]

### CONTENTIONS

Nicastro contends the superior court abused its discretion in refusing to remand the issue of attorney fees and costs incurred at the arbitration level to the arbitrator, and in denying his request for attorney fees and costs incurred in postarbitration judicial proceedings.

Ring seeks sanctions, contending Nicastro's appeal is frivolous and dilatory.

### DISCUSSION

1. *Judgment confirming arbitration award conclusively resolves the issue of attorney fees and costs incurred in the arbitration proceeding; Nicastro is bound by award and judgment thereon, which directs the parties to bear their respective attorney fees and costs.*

As indicated, Nicastro prevailed on the merits before the arbitrator. The arbitration award, *in addition to* rejecting Ring's claim to a commission, *directed the parties to bear their respective attorney fees and costs,* even though the contract provided for attorney fees and costs to the prevailing party. Ring subsequently was successful in the superior court on its motion to vacate the award. This court thereafter reversed with directions to enter judgment confirming the award. On September 10, 1999, the superior court entered judgment confirming the award. *Said judgment was not appealed and is now final.*

■ At this juncture, Nicastro argues at length that the attorney fees provision in the listing agreement is mandatory and therefore the *arbitrator* lacked discretion to deny attorney fees to the prevailing party. Nicastro contends the arbitrator's ruling is reviewable because in denying his request for attorney fees, the arbitrator exceeded his powers. Therefore, according to Nicastro, the superior court erred in refusing to remand the issue of attorney

---

[3]The order on remand denying attorney fees and costs is appealable as an order after final judgment, in that final judgment includes a judgment or determination by an appellate court. (Code Civ. Proc., § 904.1, subd. (a)(2); 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 141, p. 208.)

fees and costs incurred during arbitration to the arbitrator, pursuant to *DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809, 1816-1817) [37 Cal.Rptr.2d 558] *(DiMarco).)*[4]

The contention is meritless. As indicated, following issuance of the remittitur on the prior appeal, and in accordance with the direction of this court, the superior court entered judgment confirming the arbitration award, which award had rejected Ring's claim to a commission but denied Nicastro's request for attorney fees and costs. Thus, the original decision by the arbitrator denying attorney fees and costs was incorporated into the superior court judgment confirming the award. *The judgment of confirmation was not appealed and became final and binding in its entirety.* Therefore, the arbitrator's award denying attorney fees and costs is now final and conclusive.

In view of the *finality* of the judgment confirming the award, Nicastro cannot complain the underlying award is erroneous insofar as it denied him his attorney fees and costs.[5]

---

[4]In *DiMarco*, the contract contained an attorney fees clause entitling the prevailing party to reasonable attorney fees and the arbitrator designated the defendant as the prevailing party; the arbitrator denied defendant's request for attorney fees in the belief he had discretion to deny the request, notwithstanding the prevailing party determination. (*DiMarco, supra*, 31 Cal.App.4th at p. 1812.) *DiMarco* held the arbitrator exceeded his powers in denying the defendant's request for attorney fees and costs because the defendant was entitled thereto as the party prevailing on the contract. (*Id.* at p. 1811.) *DiMarco* reversed the judgment with directions to the court to remand the matter to the arbitrator to determine the amount of attorney fees and costs to which the defendant was entitled for the arbitration proceeding. (*Id.* at p. 1818.)

[5]Even assuming there were no final judgment of confirmation, Nicastro cannot obtain a remand to the arbitrator for a redetermination of the issue of attorney fees incurred in that forum. Nicastro's argument is based on *DiMarco*, which ruled an award may be corrected to provide attorney fees where the arbitrator designates a prevailing party and the arbitrator is required under the contract to award reasonable attorney fees to the prevailing party. (*DiMarco, supra*, 31 Cal.App.4th at p. 1815.) Here, unlike in *DiMarco*, the arbitrator did not designate a prevailing party and simply directed the parties to bear their own attorney fees and costs. Therefore, this case is controlled by *Moore v. First Bank of San Luis Obispo* (2000) 22 Cal.4th 782, 784 [94 Cal.Rptr.2d 603, 996 P.2d 706], wherein the arbitrators did not make a finding as to the existence or nonexistence of a prevailing party and decided each party was to bear its own attorney fees. *Moore* held the arbitrators' failure to designate a prevailing party "amounted at most to an error of law on a submitted issue, which does not exceed the arbitrators' powers under the holding of *Moncharsh v. Heily & Blase, supra*, 3 Cal.4th at page 28. *DiMarco*, in which the arbitrator expressly designated a prevailing party but refused to award that party fees as mandated by the contract (31 Cal.App.4th at p. 1815), is thus distinguishable." (*Moore, supra*, 22 Cal.4th at p. 788.)

*2. Statutory scheme, particularly section 1293.2, entitles Nicastro to postarbitration attorney fees and costs.*

In addition to seeking attorney fees and costs incurred at the arbitration level, Nicastro's motion sought *postarbitration* attorney fees and costs incurred at the judicial level. In denying Nicastro's motion in that respect, the superior court cited the arbitrator's ruling that the parties bear their respective attorney fees and costs. However, with respect to *postarbitration* attorney fees and costs, we conclude the superior court was not bound by the arbitrator's denial of attorney fees and costs.

We emphasize this was not a case wherein the arbitrator construed the contract to hold there was no valid or enforceable attorney fees provision. The arbitrator simply exercised his prerogative to direct the parties to bear their own attorney fees and costs. For that reason, the superior court was not required by the arbitrator's denial of attorney fees to similarly deny attorney fees for postarbitration judicial proceedings.

Further, as explained below, on this record the superior court was required to award Nicastro, as the party prevailing on the contract, reasonable attorney fees and costs for postarbitration judicial proceedings, pursuant to the statutory scheme governing arbitration.

Section 1293.2, found in title 9, pertaining to arbitration (§ 1280 et seq.), within chapter 5, containing general provisions relating to judicial proceedings (§ 1290 et seq.), addresses the matter of *costs in judicial proceedings* relating to arbitration. Such judicial proceedings may include a petition to confirm, correct or vacate an award. (§ 1285.) Here, the judicial proceedings included Ring's successful petition to vacate the arbitration award, Nicastro's appeal to this court leading to a reversal, and the subsequent proceedings on remand.

Section 1293.2 states: "The court *shall award costs upon any judicial proceeding* under this title as provided in Chapter 6 (commencing with Section 1021) . . . of this code." (Italics added.) With respect to allowable costs, section 1033.5, which also is found within chapter 6 of said code, provides that items recoverable as costs include *attorney fees when authorized by contract.* (§ 1033.5, subd. (a)(10)(A).)

Here, attorney fees were authorized by a contract. As noted, the underlying contract for arbitration provides that "[i]n any action, proceeding, or

arbitration arising out of this agreement, involving the Seller and/or Broker(s), the prevailing party shall be entitled to reasonable attorney's fees and costs[.]" Nothing in the arbitration award, confirmed by the superior court judgment, negates the enforceability of this provision.

Nicastro clearly was the prevailing party. Civil Code section 1717 defines the party prevailing on the contract as "the party who recovered a greater relief in the action on the contract." (Civ. Code, § 1717, subd. (b)(1).) Where the results of the litigation are mixed, a court has discretion to find there was no prevailing party. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 [39 Cal.Rptr.2d 824, 891 P.2d 804].) However, "when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law." (*Ibid.*) Under this standard, Nicastro was the party prevailing on the contract as a matter of law because Nicastro defeated Ring's claim for a commission based on an alleged breach by Nicastro of the listing agreement.

Moreover, Nicastro clearly was the prevailing party not only in arbitration but also in the postarbitration judicial proceedings. After the superior court granted Ring's petition to vacate the arbitration award, Nicastro appealed and obtained a reversal with directions to the superior court to enter judgment confirming the award for Nicastro. The arbitrator's earlier refusal to award attorney fees in the arbitration proceeding was not dispositive on the issue of postarbitration attorney fees. The arbitrator obviously did not, and could not, make a determination with respect to which, if either party, would be the prevailing party in subsequent postarbitration proceedings. For these reasons, the arbitrator's refusal to award attorney fees did not dictate a similar result with respect to Nicastro's request for attorney fees in postarbitration judicial proceedings.

Because Nicastro was the prevailing party as a matter of law, the mandatory language of the contractual attorney fees clause and section 1293.2 entitle Nicastro to reasonable attorney fees and costs incurred in postarbitration judicial proceedings.

In sum, although the result here may seem somewhat anomalous, the statutory scheme and case law compel the conclusion that Nicastro is entitled under the contract to postarbitration attorney fees and costs, notwithstanding the arbitrator's denial of same at the arbitration level. The matter must be remanded to the superior court to award Nicastro reasonable attorney fees and costs incurred in postarbitration judicial proceedings.

## DISPOSITION

The order is reversed insofar as it denied Nicastro reasonable attorney fees and costs incurred in postarbitration judicial proceedings and is otherwise affirmed. On remand, the superior court is directed, pursuant to the underlying contract, to award Nicastro reasonable attorney fees and costs incurred in postarbitration judicial proceedings. In view of our disposition, Ring's request for sanctions on appeal is denied. Nicastro to recover costs on appeal.

Croskey, J., and Aldrich, J., concurred.