[No. D040084. Fourth Dist., Div. One. Apr. 1, 2003.]

JUVENAL CORONA, Plaintiff and Appellant, v.
AMHERST PARTNERS et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Benjamin Pavone and Benjamin Pavone for Plaintiff and Appellant.

Turner & Maasch and John M. Turner for Defendants and Respondents.

**OPINION**

**McINTYRE, J.**—The issue presented in this case is one of first impression in California: where a party is required by contract to submit a dispute to binding arbitration, but does not request that the arbitrator decide his entitlement to attorney fees even though that issue was part of the submission, may

a trial court nonetheless determine that issue and make an award of fees and costs incurred in the arbitration? We answer this question in the negative and affirm the trial court's denial of the plaintiff's request for an award of such fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

Juvenal Corona entered into a standard real estate purchase contract to buy a residence at 6858 Amherst Street from Amherst Partners (Amherst) for $115,000. While the sale was in escrow, Amherst sold the property to a third party for $125,000. Corona brought this action against Amherst and one of its principals, Roger Bill (collectively with Amherst, the defendants), and demanded that the matter be submitted to binding arbitration in accordance with the purchase contract. In October 2000, the parties signed a stipulation to submit the matter to binding arbitration. In the arbitration proceedings, the arbitrator found in Corona's favor and awarded him $10,000.

Corona made motions in superior court to confirm the arbitration award and for an award of $28,257.50 in attorney fees and $6,302.32 in costs, including the arbitrator's fees, incurred in connection with the arbitration and the judicial proceedings. The defendants stipulated to a confirmation of the arbitration award, but opposed the motion for fees and costs, arguing that, under governing legal principles, the court could not make an award of costs and fees incurred in the arbitration, although it could award costs and fees incurred in the judicial proceedings. The superior court granted the motion to confirm the award, but denied the motion for fees and costs on the ground that only the arbitrator had the authority to make such an award and that it was incumbent on Corona to have sought it from the arbitrator. The court entered judgment for $10,000 in Corona's favor.

Corona appeals, contending that the trial court erred in denying his request for fees incurred in the arbitration because he was entitled to seek such fees from the court even though he did not ask the arbitrator to make such an award and, in any event, he was entitled to recover his fees incurred in the judicial proceedings preceding and following the arbitration. We conclude the court erred only insofar as it denied Corona's request for attorney fees and costs incurred in the judicial proceedings, reverse the judgment in that respect and otherwise affirm.

## DISCUSSION

1. *Denial of Fees and Costs Incurred in Arbitration*

Code of Civil Procedure section 1280 et seq. sets forth a comprehensive statutory scheme governing private arbitration in this state. (*Moncharsh v.*

*Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899] (*Moncharsh*).) The fundamental premise of the scheme is that "[a] written agreement to submit [either a present or a future controversy] to arbitration . . . is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." (Code Civ. Proc., § 1281.) ■ The scheme represents a " 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution' " and consequently, courts will " 'indulge every intendment to give effect to such proceedings.' " (*Moncharsh, supra,* 3 Cal.4th at p. 9, quoting *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251]; and *Pacific Inv. Co. v. Townsend* (1976) 58 Cal.App.3d 1, 9 [129 Cal.Rptr. 489].)

■ Where parties have agreed to submit their dispute to private arbitration, the scope of the arbitration and the powers of the arbitrator are defined in accordance with the agreement. (*Moncharsh, supra,* 3 Cal.4th at pp. 8-9.) However, this does not mean that the parties to a private arbitration must specify every detail, characteristic and consequence of the proceeding they contemplate. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 831 [88 Cal.Rptr.2d 366, 982 P.2d 229] (*Vandenberg*).) Rather the statutory scheme sets forth the basic parameters of such proceedings unless the parties specifically agree otherwise; such parameters include limited judicial review of the arbitration award. (*Ibid.*, citing Code Civ. Proc., §§ 1286.2, 1286.6; and *Moncharsh, supra,* 3 Cal.4th at pp. 8-33 [finding statutory grounds for judicial review exclusive].)

■ "Limited judicial review is a well-understood feature of private arbitration, inherent in the nature of the arbitral forum as an informal, expeditious, and efficient alternative means of dispute resolution. By choosing private arbitration, the parties 'evince [their] intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels.' [Citation.] Judicial interference with the arbitrator's decision would thus defeat the very advantages the arbitral parties sought to achieve. [Citation.]

"Accordingly, the parties, simply by agreeing to arbitrate, are deemed to accept limited judicial review by *implication*, particularly where their agreement specified that the award would be 'final' and 'binding' upon them. [Citation.] In effect, it is appropriate to insulate a private arbitral award from close judicial scrutiny because, given the inherent nature of arbitration, '*the parties have agreed that it be so.*' " (*Vandenberg, supra,* 21 Cal.4th at p. 831, quoting *Moncharsh, supra,* 3 Cal.4th at pp. 9-10, first italics added by *Vandenberg*, second italics in *Moncharsh*.)

■ The record before us does not include a copy of the contractual arbitration provision in question, although the parties' October 2000 notice

of contractual arbitration provides that "[t]he subject contract calls for disputes to be settled by binding arbitration" under Code of Civil Procedure section 1282 et seq. The trial court correctly concluded from the record before it that, because the parties' stipulation did not limit the issues to be resolved through arbitration, the issue of Corona's entitlement to attorney fees and costs, as requested in his complaint, was subject to determination in arbitration proceedings. (See *Moshonov v. Walsh* (2000) 22 Cal.4th 771, 776 [94 Cal.Rptr.2d 597, 996 P.2d 699]; see also Cal. Rules of Court, rules 1614(a)(8), 1615(a) [absent agreement to the contrary, arbitrator must "determine all issues properly raised by the pleadings, including a determination of any damages and an award of costs, if appropriate"].)

As Corona admits, he did not request that the arbitrator decide the issue of his entitlement to recover attorney fees and costs. He nonetheless contends that, although a court cannot review an arbitrator's determination whether to award attorney fees, the court is permitted to determine the prevailing party and make an award of attorney fees and costs where the parties do not ask the arbitrator to make such determinations in the first instance even though the issue was within the scope of the contractual arbitration provision.

Corona's argument is unavailing. As discussed above, where parties have agreed their dispute will be resolved by binding arbitration, judicial intervention is limited to reviewing the award to see if statutory grounds for vacating or correcting the award exist. (Code Civ. Proc., §§ 1286, 1286.2, 1286.6; *Moshonov v. Walsh, supra,* 22 Cal.4th at p. 775.) Under the statutory scheme, a party's failure to request the arbitrator to determine a particular issue within the scope of the arbitration is not a basis for vacating or correcting an award. (Code Civ. Proc., §§ 1286.2, 1286.6; *Sapp v. Barenfeld* (1949) 34 Cal.2d 515, 524 [212 P.2d 233].) Unless a statutory basis for vacating or correcting an award exists, a reviewing court "shall confirm the award as made . . . ." (Code Civ. Proc., § 1286.)

Such an interpretation of the applicable statutes promotes the Legislature's determination that there is a " 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' " (*Moncharsh, supra,* 3 Cal.4th at p. 9, quoting *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street, supra,* 35 Cal.3d at p. 323.) As a general rule, parties to a private arbitration impliedly, if not expressly, agree that the arbitrator's decision will be both binding and final and thus the arbitrator's decision "should be the end, not the beginning, of the dispute." (*Moncharsh, supra,* 3 Cal.4th at pp. 9-10.) Allowing a party to request that the trial court make an award that was within the scope of the arbitration but not pursued in that forum is inconsistent with the policies underlying the statutory private arbitration scheme.

For the foregoing reasons, we find the trial court correctly concluded that Corona could not recover an award of attorney fees and costs incurred in the arbitration in the judicial proceedings that followed the arbitration.

## 2. *Denial of Fees and Costs Incurred in the Judicial Proceedings*

■ A court must award costs in a judicial proceeding to confirm, correct or vacate an arbitration award. (Code Civ. Proc., § 1293.2; *Carole Ring & Associates v. Nicastro* (2001) 87 Cal.App.4th 253, 260 [104 Cal.Rptr.2d 519].) Attorney fees are recoverable as costs if authorized by contract. (Code Civ. Proc., § 1033.5, subd. (a)(10)(A).) Although the defendants now contend otherwise, they conceded in the proceedings below that Corona was entitled to recover his attorney fees and costs relating to the judicial proceedings.

Pursuant to the statutory scheme, Corona is entitled to recover the attorney fees and costs he incurred in the judicial proceedings and, for this reason, the court erred in denying his request for such fees and costs in its entirety. As the court did not make a determination of the defendants' challenge to the propriety of certain of the fees and costs requested, we remand the matter for further proceedings on the issue of the amount of fees and costs to be awarded.

### DISPOSITION

The judgment is affirmed, except insofar as the court denied Corona's motion for attorney fees and costs related to the judicial proceedings. In that respect, the judgment is reversed and the matter remanded for further proceedings consistent with this opinion. Each party to bear its own costs on appeal.

Nares, Acting P. J., and O'Rourke, J., concurred.