Filed 7/3/24  Sanzone v. DCH Korean Imports CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BIAGIO SANZONE, | |
| Plaintiff and Appellant, | G063483 |
| v. | (Super. Ct. No. MCC1801158) |
| DCH KOREAN IMPORTS, LLC et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Riverside County, Angel M. Bermudez, Judge.  Reversed and remanded with directions.

Marcus Jackson for Plaintiff and Appellant.

WFBM, Kellie S. Christianson for Defendants and Respondents.

Plaintiff Biagio Sanzone appeals from a judgment confirming an arbitration award.[1]  Sanzone argues the trial court erred by denying Sanzone's petition to vacate the arbitration award.  He asserts the trial court should have vacated the award under Code of Civil Procedure section 1286.2, subdivision (a)(4).  Specifically, Sanzone contends the arbitrator exceeded his powers:  (1) by violating Sanzone's unwaivable statutory right to attorney fees and costs under Labor Code section 226, subdivision (e)(1); and (2) by failing to award damages, penalties, statutory interest, and attorney fees and costs on Sanzone's cause of action for unpaid wages and to award waiting time penalties on his cause of action for failure to pay final wages at the time of termination.  Defendant DCH Korean Imports, LLC (DCH) argues Sanzone provided an inadequate record on appeal in support of his arguments.  DCH also contends Sanzone failed to show why the trial court should have vacated the arbitration award.

We reverse.  We conclude the record is inadequate to conduct a meaningful review of Sanzone's second argument, and we decline to do so.  But we hold the arbitrator exceeded his powers by violating Sanzone's unwaivable statutory right to attorney fees and costs under Labor Code section 226, subdivision (e)(1).  Therefore, we will order the trial court to vacate the arbitration award under Code of Civil Procedure section 1286.2, subdivision (a)(4).

---

[1]  The notice of appeal indicates Sanzone is appealing from an order denying his petition to vacate the arbitration award.  Such an order is generally not appealable.  (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454.)  However, an order denying vacatur of an arbitration award "may be reviewed upon an appeal from the judgment of confirmation."  (*Ibid.*)  Here, on January 25, 2023, the trial court denied Sanzone's petition to vacate the arbitration award and then confirmed the arbitration award.  The "notice of appeal was filed after entry of judgment and, liberally construed, was an appeal of the judgment" of confirmation under Code of Civil Procedure section 1294, subdivision (d).  (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 531.)  We therefore may review the order denying the petition to vacate the arbitration award.

FACTUAL AND PROCEDURAL BACKGROUND

Sanzone was a finance director at DCH's car dealership in Temecula, California. He signed an arbitration agreement to resolve "any disputes regarding the terms of . . . [his] employment or termination from employment (including claims of discrimination and/or harassment) . . . in accordance with binding arbitration governed by the Federal Arbitration Act, and carried out in conformity with the procedures of the" California Arbitration Act (CAA).

In October 2018, Sanzone filed a complaint against DCH for retaliation; wrongful constructive termination, demotion or other adverse action in violation of public policy; and negligent supervision/retention. In November 2018, DCH moved to compel arbitration of Sanzone's claims to which Sanzone filed a notice of non-opposition in February 2019. It appears the parties agreed to arbitrate the matter, and the trial court stayed the case pending the completion of the arbitration.

## I.

### ARBITRATION

Before the arbitration hearing, Sanzone moved for leave to amend his complaint, a motion the arbitrator granted in February 2021. In the first amended complaint, Sanzone added four wage and hour causes of action: (1) failure to pay wages for all hours worked and for work performed separate and apart from the piece (Lab. Code, §§ 204.1, 221, 226.2, 1194, 1194.2; Industrial Welfare Commission wage order 4-2001, § 4); (2) failure to issue accurate itemized wage statements (Lab. Code, §§ 226, subds. (a) & (e), 226.2, subd. (a)); (3) failure to pay final wages at the time of termination or following resignation (Lab. Code, §§ 201–203); and (4) violation of the California unfair competition law (Bus. & Prof. Code, § 17200 et seq.). In his prayer for relief, Sanzone sought "civil penalties, liquidated damages and fees as allowed by law, including but not limited to . . . Labor Code [s]ections 98.6[, subdivision] (b)(3), 203, 210, 226[, subdivision] (e)(1), 226[, subdivision] (h), 1102.5[, subdivision] (f) and

3

1194.2." He also sought attorney "fees and costs, pursuant to all applicable statutes or provisions of law, including but not limited to . . . Labor Code [section] 218.5."

In June 2022, the arbitrator held a hearing. After the hearing, in August 2022, the arbitrator issued an award of $4,000 to Sanzone. The arbitrator found in favor of Sanzone on only one claim, the failure to issue accurate itemized wage statements in violation of Labor Code section 226, and rejected his other claims. The main defense raised by DCH as to these violations was that Sanzone's "damages were waived as part of the class action settlement entered in 2017." The arbitrator found this defense lacked "merit" and found "the claimant suffered actual damages outside of the class period" for a total of $4,000. The arbitrator also ordered DCH to bear the cost of arbitration and each party to pay its own attorney fees.

Sanzone requested the arbitrator reconsider or correct the award. In October 2022, the arbitrator granted in part and denied in part the motion—it struck "[t]he designation of '[Proposed]' in the caption of the Award" but denied the motion in all other respects.

II.

POSTARBITRATION PROCEEDINGS IN TRIAL COURT

In December 2022, Sanzone filed a petition to vacate the arbitration award with the trial court. He argued the arbitrator exceeded his authority in issuing the award. Of relevance here, Sanzone contended the arbitrator should have awarded him unpaid wages as damages and waiting time penalties for DCH's failure to pay final wages at the time of termination. He also argued the arbitrator should have awarded him attorney fees and costs under Labor Code section 226, subdivision (e)(1), because he prevailed on his claim for improper wage statements under Labor Code section 226.

DCH opposed the petition to vacate the arbitration award. DCH also petitioned to confirm the arbitration award.

4

In January 2023, the trial court denied the petition to vacate the arbitration award.  It explained in pertinent part:

"The arbitrator found [Sanzone] suffered actual damages . . . in the amount of $4,000.  [Citation.]

"[Sanzone's] argument that he is at least entitled to additional damages for [DCH's] failure to pay [Sanzone] separate compensation for his non-productive time is not persuasive.  The arbitrator found otherwise.  And courts will not review the validity of the arbitrator's reasoning or the sufficiency of the evidence supporting the arbitrator's award.  (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 12–13 [(*Moncharsh*)].)

"Nor can the court say that [Sanzone] has made a sufficient showing of substantial prejudice.

"On the issue of [attorney] [f]ees, it was within the arbitrator's powers to determine the issue of [attorney] fees and costs.  (Pearl, Cal. Attorney Fee Awards [(Cont.Ed.Bar 3d ed. 2022)] § 14.10[,] citing . . . *Corona v*[.] *Amherst Partners* (2003) 107 Cal.App.4th 701, 705 [generally, if attorney fees are within scope of issues that agreement has made subject to arbitration, only arbitrator has power to award them].)  Thus, the arbitrator did not exceed his authority.  The arbitrator simply said no.

"[Sanzone's] argument that since he should have prevailed on his unpaid wages claim, he is also entitled to [attorney] fees and costs, which are mandatory under Labor Code § 218.5(a) and statutory interest (Labor Code § 218.6) is not persuasive.  The arbitrator did not determine [Sanzone] was entitled to unpaid wages so, [attorney] fees and costs were not appropriate on this claim."

The trial court confirmed the arbitration award.  Sanzone timely appealed.

## DISCUSSION

### I.

### ADEQUACY OF THE RECORD

We first address a threshold issue:  whether Sanzone provided an adequate record to conduct a meaningful review of his arguments on appeal.  "'It is the duty of an appellant to provide an adequate record to the court establishing error.  Failure to provide an adequate record on an issue requires that the issue be resolved against appellant.  [Citation.]'  [Citation.]  This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error.  [Citations.]  By failing to provide an adequate record, appellant cannot meet his burden to show error and we must resolve any challenge to the order against him."  (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Here, Sanzone designated a clerk's transcript under California Rules of Court, rule 8.122, containing documents filed with the trial court.  On the issue of attorney fees and costs under Labor Code section 226, subdivision (e)(1), we do not need anything beyond the record before us to conduct a meaningful review.  The record includes the operative complaint (the first amended complaint), the arbitration award, and the papers filed during the postarbitration proceedings in the trial court.  That is sufficient.  We will discuss this issue below.

DCH argues the record is devoid of any substantive or procedural developments between February 2019, when the trial court ordered arbitration, and December 2022, when Sanzone petitioned to vacate the arbitration award.  But both parties detailed the procedural history of this case in their filings with the trial court during postarbitration proceedings.  In a declaration, Sanzone's attorney recounted the procedural history and attached copies of the operative complaint, his arbitration brief, and the arbitration award.  In a declaration, DCH's attorney also recited the procedural

6

history, which was consistent with Sanzone's account, and attached, among other documents, a copy of the arbitration award.  Moreover, on appeal, DCH does not contest the accuracy of Sanzone's representation of the procedural history.  This argument is therefore unavailing.

As for the remaining issues, however, the record is inadequate.  Sanzone argues he should have prevailed on his unpaid wages cause of action and therefore be awarded damages, penalties, statutory interest, and attorney fees and costs.  He contends: "Because the undisputed evidence from the hearing is [Sanzone] was not compensated for non-productive work hours between March 31, 2017 and January 1, 2018, he is legally entitled to damages for his fourth cause of action for [u]npaid [w]ages in [v]iolation of . . . Labor Code [s]ections 204, 221, 226.2 and 1194.  The [arbitration] [a]ward considers and rejects [DCH's] defense to this cause of action, thus there should have been a finding in [Sanzone's] favor as to unpaid wages and a damages award."  Sanzone argues he should have been awarded waiting time penalties because DCH failed to pay his outstanding wages for time spent in meetings or on rest breaks at the time of termination or resignation.

These arguments invite us to review the evidence presented at the arbitration hearing.  We do not know what that evidence is, let alone whether it showed Sanzone was compensated or not.  That evidence is not in the record.  And, contrary to Sanzone's assertions, the arbitration award does not show the arbitrator found DCH failed to compensate Sanzone for nonproductive work hours and outstanding wages at the time of termination or resignation.  We therefore decline to consider these arguments.

Even if we were to consider these arguments, we would find the arguments fail.  The trial court properly concluded the arbitrator found Sanzone did not prevail on his causes of action for unpaid wages and failure to pay wages at termination.  We do "not review the validity of the arbitrator's reasoning" or "the sufficiency of the evidence supporting an arbitrator's award."  (*Moncharsh*, *supra*, 3 Cal.4th at p. 11.)

7

## II.

### LEGAL PRINCIPLES AND STANDARD OF REVIEW

"California law favors alternative dispute resolution as a viable means of resolving legal conflicts. 'Because the decision to arbitrate grievances evinces the parties' intent to bypass the judicial system and thus avoid potential delays at the trial and appellate levels, arbitral finality is a core component of the parties' agreement to submit to arbitration.' [Citation.] Generally, courts cannot review arbitration awards for errors of fact or law, even when those errors appear on the face of the award or cause substantial injustice to the parties." (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916 (*Richey*).)

"In general, judicial review of an arbitration award is extremely limited." (*Bacall v. Shumway* (2021) 61 Cal.App.5th 950, 957.) It "is ordinarily limited to the statutory grounds for vacating an award under Code of Civil Procedure section 1286.2 or correcting an award under Code of Civil Procedure section 1286.6." (*Branches Neighborhood Corp. v. CalAtlantic Group, Inc.* (2018) 26 Cal.App.5th 743, 750.) "As relevant here, the CAA provides that a court may vacate an arbitration award when '[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.' (Code Civ. Proc., § 1286.2, subd. (a)(4).)" (*Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 72.) "This exception [to arbitral finality] is narrowly construed." (*Emerald Aero, LLC v. Kaplan* (2017) 9 Cal.App.5th 1125, 1138.)

"Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy. [Citations.] However, '"[a]rbitrators do not ordinarily exceed their contractually created powers simply by reaching an erroneous conclusion on a contested issue of law or fact, and arbitral awards may not ordinarily be vacated because of such error . . . ."'" (*Richey*, *supra*, 60 Cal.4th at p. 917.) "[A]n arbitrator whose legal error

8

has barred an employee subject to a mandatory arbitration agreement from obtaining a hearing on the merits of a claim based on [an unwaivable statutory] right has exceeded his or her powers within the meaning of Code of Civil Procedure section 1286.2, subdivision (a)(4), and the arbitrator's award may properly be vacated." (*Pearson Dental Supplies, Inc v. Superior Court* (2010) 48 Cal.4th 665, 680 (*Pearson Dental*).)

We apply the de novo standard of review to determine "whether the arbitrator exceeded his powers and thus whether we should vacate his award on that basis." (*Richey*, *supra*, 60 Cal.4th at p. 918, fn. 1.)

III.

### THE ARBITRATOR EXCEEDED HIS POWERS BY VIOLATING AN UNWAIVABLE STATUTORY RIGHT

Sanzone contends the arbitrator disregarded his unwaivable statutory right to attorney fees and costs under Labor Code section 226, subdivision (e)(1), by ordering each party to pay its own attorney fees. He argues he was entitled to attorney fees and costs because he prevailed on his claim for improper wage statements pursuant to Labor Code section 226, subdivision (a).

"Arbitration agreements are governed by their own attorney fees and costs provisions. But in employment dispute matters involving statutory claims, an employee's statutory rights to attorney fees and costs are not waived or forfeited, but rather are inferred in the arbitration agreement." (*Ling v. P.F. Chang's China Bistro, Inc.* (2016) 245 Cal.App.4th 1242, 1254 (*Ling*), disapproved on another ground in *Naranjo v. Spectrum Security Services, Inc.* (2022) 13 Cal.5th 93, 117.)

Labor Code section 226, subdivision (e)(1) is a one-way fee-shifting statute. It states only a successful plaintiff will recover attorney fees and costs: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred

9

dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  (Lab. Code, § 226, subd. (e)(1).)

Here, the arbitrator found DCH violated Labor Code section 226, subdivision (a), and awarded a statutory penalty of $4,000.[2]  This finding implies Sanzone was "[a]n employee suffering injury as a result of a knowing and intentional failure by [DCH] to comply with subdivision (a)" and thus "entitled to an award of costs and reasonable attorney's fees."  (Lab. Code, § 226, subd. (e)(1).)  The arbitrator appears to have misconstrued or ignored this mandatory, one-way fee-shifting provision.  Instead, he ordered the parties to pay for their own attorney fees.  This legal error prevented Sanzone, who was subject to a mandatory employment arbitration agreement, from receiving a review on the merits of the amount of attorney fees and costs to which he was entitled.  (See *Pearson Dental*, *supra*, 48 Cal.4th at p. 680.)  Therefore, the arbitrator's order contravened Labor Code section 226, subdivision (e)(1) and violated Sanzone's unwaivable statutory right to attorney fees and costs.

DCH argues legal errors by an arbitrator are not subject to judicial review, citing *Moncharsh*.  That is generally correct.  In *Moncharsh*, the California Supreme Court held:  "[A]n arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties."  (*Id.* at p. 6.)  The Supreme Court rejected the argument that Code of Civil Procedure section 1286.2, subdivision (d) (now subdivision (a)(4)) allowed vacatur of an arbitration award because the arbitrator made an error of law.  (*Id.* at p. 28.)

---

[2]  Sanzone refers to the $4,000 award as a civil penalty.  That is incorrect. It is a statutory penalty.  (*Lopez v. Friant & Associates, LLC* (2017) 15 Cal.App.5th 773, 782–784 [legislative history of Labor Code section 226 shows Labor Code section 226 allows "an employee to recover statutory damages, not a civil penalty"].)

10

But, as DCH acknowledges, Code of Civil Procedure section 1286.2 provides statutory exceptions to arbitral finality, and the case law has clarified the meaning of these exceptions since *Moncharsh*. Specifically, as recited above, "[a]rbitrators may exceed their powers [under Code of Civil Procedure section 1286.2, subdivision (a)(4),] by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." (*Richey*, *supra*, 60 Cal.4th at p. 916.) This exception applies here.

DCH next argues courts rarely vacate arbitration awards under Code of Civil Procedure section 1286.2, subdivision (a)(4). It cites *Pearson Dental* as an example.[3] DCH argues *Pearson Dental* is inapplicable because the employee in *Pearson Dental* did not receive an arbitration hearing on the merits whereas Sanzone did.

*Pearson Dental* involved an employee who arbitrated his employment claims against his former employer. (*Pearson Dental*, *supra*, 48 Cal.4th at p. 671.) The arbitrator found in favor of the employer because the employee failed to submit his claims to arbitration within the one-year statute of limitations period specified in the arbitration agreement or within the tolling period provided in Code of Civil Procedure section 1281.12. (*Pearson Dental*, at pp. 671–672.)

The Supreme Court concluded the arbitrator misapplied the tolling provision and the employee's claim was not time-barred. (*Pearson Dental*, *supra*, 48 Cal.4th at p. 675.) This "legal error misconstrued the procedural framework under which

---

[3] DCH cites two additional cases as examples: *Ling* and *Brown v. TGS Management* (2020) 57 Cal.App.5th 303 (*Brown*). DCH argues these cases are factually distinguishable from the instant case and are inapplicable here. Although they are factually distinguishable to some extent, they are not entirely inapplicable. They are what DCH represents them to be: examples illustrative of when a court found arbitrators exceeded their powers by violating an unwaivable statutory right or an explicit legislative expression of public policy. *Ling* involves an arbitrator contravening an explicit legislative expression of public policy, whereas *Brown* concerns an arbitrator violating a party's unwaivable statutory right.

the parties agreed the arbitration was to be conducted, rather than misinterpreting the law governing the claim itself.  It is difficult to imagine a more paradigmatic example of when 'granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights' [citation] than the present case, in which, as a result of allowing the procedural error to stand, and through no fault of the employee or his attorney, the employee will be unable to receive a hearing on the merits of his FEHA claims *in any forum*.  Nor can it be plausibly argued that plaintiff merely received the justice he bargained for.  It is beyond dispute that there was no opportunity for bargaining over the arbitration agreement in this case."  (*Id.* at pp. 679–680, fn. omitted.)

*Pearson Dental* is more akin to the present case than DCH thinks.  Here, due to the arbitrator's legal error, the arbitrator ordered the parties to pay their own attorney fees.  While Sanzone received a hearing on most of the merits of his case, he did not receive an opportunity to be heard on all the merits—that is, he was not afforded a chance to be heard on the issue of his attorney fee award.  As in *Pearson Dental*, if we allowed this error to stand, Sanzone, "through no fault of [his own] or his attorney, will be unable to receive a hearing on the merits of" the amount of his attorney fee award "*in any forum*."  (*Pearson Dental*, *supra*, 48 Cal.4th at p. 680.)  Thus, "'granting finality to'" the arbitration award here would conflict "'with the protection of [Sanzone's] statutory rights.'"  (*Ibid.*)

"Our Supreme Court has stated that the term 'merits,' when used in this context, includes 'all the contested issues of law and fact submitted to the arbitrator for decision.'  [Citation.]  Our Supreme Court has also made clear that those "'contested issues of law and fact submitted to the arbitrator for decision'" can include issues surrounding remedies, such as awards of attorney fees; in other words, "'contested issues'" is not synonymous with 'substantive issues.'  [Citations.]  Under *Moncharsh, Moshonov* [*v. Walsh* (2000) 22 Cal.4th 771], and *Moore* [*v. First Bank of San Luis Obispo* (2000) 22 Cal.4th 782], when the parties have contested an issue in the arbitration, the

12

arbitrator's resolution of that issue is a decision on the 'merits.'" (*E-Commerce Lighting, Inc. v. E-Commerce Trade LLC* (2022) 86 Cal.App.5th 58, 64.)  Here, the issue of attorney fees and costs under Labor Code section 226, subdivision (e)(1) was submitted to the arbitrator for decision.  Sanzone's first amended complaint requested fees under Labor Code section 226, subdivision (e)(1).  As the issue was submitted to the arbitrator for decision, it was part of the merits of the case, and the arbitrator should have afforded Sanzone an opportunity to be heard.

We will therefore order the trial court to vacate the arbitration award under Code of Civil Procedure section 1286.2, subdivision (a)(4).  The arbitrator exceeded his powers "and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."[4]

In sum, we conclude Sanzone provided an inadequate record in support of his arguments, except his argument regarding Labor Code section 226, subdivision (e)(1), and we decline to address those arguments.  As for the remaining issue, we find the arbitrator exceeded his powers by issuing an award violating Sanzone's unwaivable statutory right to attorney fees and costs under Labor Code section 226, subdivision (e)(1).

DISPOSITION

The judgment is reversed.  The matter is remanded with directions to the trial court to:  (1) vacate the judgment confirming the arbitration award; (2) vacate the

---

[4]  The trial court is unable to correct the award under Code of Civil Procedure section 1286.6, subdivision (b).  This statute provides the court may correct and confirm the award as corrected if it finds "[t]he arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted."  (Code Civ. Proc., § 1286.6, subd. (b).)  Here, a correction of the award would affect "the merits of the decision upon the controversy submitted" because the merits include the issue of attorney fees and costs under Labor Code section 226, subdivision (e)(1).

13

arbitration award; and (3) return the matter to arbitration for further proceedings consistent with this opinion.  Sanzone is entitled to his costs on appeal.


                                        MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P. J.


GOODING, J.