[No. B075652. Second Dist., Div. Three. Jan. 30, 1995.]

JOEL DiMARCO et al., Plaintiffs and Appellants, v.
DIXIE N. CHANEY, Defendant and Respondent.

**COUNSEL**

King, Weiser, Edelman & Bazar and Warren K. Miller for Plaintiffs and Appellants.

Glenda L. Heiserman for Defendant and Respondent.

**OPINION**

**KLEIN, P. J.**—Plaintiffs and appellants Joel DiMarco and Linda DiMarco (collectively, DiMarco) appeal a judgment insofar as it awards $19,575 in attorney fees and other costs to defendant and respondent Dixie N. Chaney (Chaney).

The essential issues are whether the arbitrator exceeded his powers by denying an award of attorney fees and costs to Chaney, and whether the trial court erred in awarding attorney fees and costs to Chaney for the underlying arbitration instead of remanding to the arbitrator for that purpose.

We conclude the arbitrator exceeded his powers in denying Chaney's request for attorney fees and costs because Chaney was entitled thereto as the prevailing party under the contract. Therefore, the trial court was empowered to correct the award to provide for an award of attorney fees and costs to Chaney. However, the trial court erred in determining the *amount* to which Chaney was entitled for the underlying arbitration proceeding because that issue was within the arbitrator's purview.

Therefore, the judgment is reversed with respect to the $19,575 award of costs and the matter is remanded to the trial court with directions to remand

to the arbitrator for a determination of that issue, and for further proceedings consistent with this opinion. The judgment is otherwise affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 1989, DiMarco entered into a real estate purchase contract to acquire certain property from Chaney. DiMarco subsequently filed an action for rescission. Because the contract contained an arbitration clause, the matter was referred to the American Arbitration Association.

In an award made January 9, 1992, the arbitrator denied DiMarco's claim against Chaney and denied all requests for attorney fees and costs.

On April 20, 1992, Chaney filed a motion in the trial court to correct the arbitration award. Chaney contended the arbitrator exceeded his power by not applying the attorney fee provision[1] and the error appeared on the face of the record.

The matter was heard May 22, 1992, at which time the trial court ordered the matter back to the arbitrator to clarify his denial of attorney fees to Chaney. The trial court directed the arbitrator "to state whether he considered and applied Civil Code section 1717" in rejecting Chaney's request for attorney fees and costs.

On October 13, 1992, the arbitrator filed a clarification of the award, stating: Chaney prevailed against DiMarco and that in rendering the award, he was cognizant of Civil Code section 1717, under which attorney fees are recoverable as costs by the prevailing party. He believed he had the discretion to deny the request for attorney fees, notwithstanding the determination that Chaney was the prevailing party. He added: "If the arbitrator does not have that discretion and the prevailing parties are entitled to attorneys' fees as a matter of right, attorneys' fees should be awarded to the prevailing parties to the degree such fees were incurred in arbitrating the claim upon which they prevailed."

On November 20, 1992, Chaney filed a second motion in the trial court to correct and to affirm the award as corrected. In the motion Chaney sought a correction of the award to reflect her entitlement to reasonable attorney fees and costs as the prevailing party. The supporting declaration of Chaney's attorney stated her client had incurred $19,575 in attorney fees and costs in defending the action.

---

[1] In this regard the contract provided: "ATTORNEY'S FEES: In any action, proceeding or arbitration arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs."

DiMarco filed opposition papers, arguing the motion was time-barred, the trial court lacked the power to correct the award even if the motion were timely, Chaney had failed to provide any admissible and competent evidence of whether the attorney fees and costs sought were reasonable or necessary, and sanctions should be imposed against Chaney and her counsel.

Chaney's reply papers asserted the motion was timely and that "CHANEY first seeks a ruling that she is, in fact, entitled to such fees [and] the court can make a determination of the *amount* of fees later *upon proper presentation of* . . . CHANEY's *cost bill.* [¶] However, . . . CHANEY's counsel has attached a true copy of her prior bill in this matter for the court's perusal." (Italics added.)

On December 24, 1992, the trial court heard the matter and "granted [the motion] as prayed."

On February 19, 1993, Chaney filed a memorandum of costs seeking $24,229 in costs, including $22,804 in attorney fees.

On February 22, 1993, the clerk rejected the cost memorandum on the grounds "[t]here is no judgment in the file, nor are there orders for attorney fees."

However, Chaney obtained the trial court's signature on a judgment filed February 22, 1993, awarding her $19,575 and judgment was entered accordingly.

Four days later, on February 26, 1993, Chaney filed a "corrected" cost memorandum seeking $24,105, including $22,804 in attorney fees.

On April 6, 1993, DiMarco filed a motion to vacate the judgment on the grounds the issue of the amount and reasonableness of attorney fees was not before the trial court on December 24, 1992, and the evidence was insufficient to justify the award of attorney fees.

On April 23, 1993, the trial court denied the motion to vacate the judgment.

The same day, DiMarco filed notice of appeal from the February 22, 1993, judgment insofar as it awarded Chaney $19,575 in attorney fees and costs.

### CONTENTIONS

DiMarco contends the trial court abused its discretion in awarding Chaney $19,575 in attorney fees and costs (1) when the issue of the amount and

reasonableness of such fees and costs was not before the court, (2) when no evidence was presented to the trial court to justify the award, and (3) without permitting DiMarco to object thereto and to file a motion to tax costs.

Chaney seeks sanctions for what she contends is a frivolous appeal by DiMarco.

DISCUSSION

1. *No merit to DiMarco's contention trial court was bound by arbitrator's denial of award of attorney fees and costs.*

■ DiMarco contends the trial court was bound by the arbitrator's decision denying Chaney an award of attorney fees and costs. (*Hacienda Hotel* v. *Culinary Workers Union* (1985) 175 Cal.App.3d 1127, 1133 [223 Cal.Rptr. 305].) The argument lacks merit.

In *Moncharsh* v. *Heily & Blase* (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899], the Supreme Court clarified the law as to the limited scope of judicial review of arbitration awards. *Moncharsh* held an award rendered by an arbitrator pursuant to a contractual agreement to arbitrate is not subject to judicial review except on the grounds set forth in Code of Civil Procedure sections 1286.2 (to vacate) and 1286.6 (for correction). (3 Cal.4th at p. 33.)[2, 3]

Subsequently, in *Advanced Micro Devices, Inc.* v. *Intel Corp.* (1994) 9 Cal.4th 362 [36 Cal.Rptr.2d 581, 865 P.2d 994], the Supreme Court reiterated an award is subject to vacation or correction where the arbitrators have " 'exceeded their powers.' " (*Id.*, at p. 373; §§ 1286.2, subd. (d), 1286.6, subd. (b).)

In that case, the arbitration agreement authorized the arbitrator to grant " 'any remedy or relief which the Arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract.' " (*Advanced Micro Devices, Inc.* v. *Intel Corp., supra,* 9 Cal.4th at p. 368.) The arbitrator determined Intel Corporation (Intel) had breached portions of a technology exchange agreement with Advanced Micro Devices, Inc. (AMD). (*Id.,* at p. 367.) As remedies for the breach of the implied covenant of good faith and fair

---

[2]All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

[3]Section 1286.6, subdivision (b), provides for correction of an award if "[t]he arbitrators exceeded their powers . . . ."

dealing, the failure to negotiate in good faith over certain matters and other breaches, the arbitrator awarded AMD a permanent, nonexclusive and royalty-free license to certain Intel intellectual property, as well as an extension of certain patent and copyright licenses. (*Id.*, at pp. 370-371.)

*Advanced Micro Devices, Inc.* held arbitrators, "unless expressly restricted by the agreement of the parties, enjoy the authority to fashion relief they consider just and fair under the circumstances existing at the time of arbitration, so long as the remedy may be rationally derived from the contract and the breach." (*Advanced Micro Devices, Inc.* v. *Intel Corp., supra,* 9 Cal.4th at p. 383.) The arbitrator did not exceed his powers because the remedies he awarded were rationally drawn from the underlying contract and the effects on AMD of Intel's breach. (*Id.*, at p. 384.)

Here, the arbitrator's decision to deny Chaney an award of attorney fees, notwithstanding his finding Chaney was the prevailing party, exceeded his powers because the agreement provides "the prevailing party *shall* be entitled to reasonable attorney's fees and costs." (Italics added.)

Had the arbitrator found neither DiMarco nor Chaney was the prevailing party, the arbitrator properly could have declined to make any award of attorney fees. But having made a finding Chaney was the prevailing party, the arbitrator was compelled by the terms of the agreement to award her reasonable attorney fees and costs. In denying Chaney's request for attorney fees, the arbitrator exceeded his powers. That error was subject to correction because section 1286.6, subdivision (b), provides an award shall be corrected if "[*t*]*he arbitrators exceeded their powers* [and] the award may be corrected without affecting the merits of the decision . . . ." (Italics added.)

Accordingly, there is no merit to DiMarco's contention the trial court was bound by the arbitrator's denial of Chaney's request for attorney fees and costs.

Having determined the arbitrator's exceeding his authority was subject to correction by the trial court, the remaining issue is the forum for determining the reasonable amount to be awarded Chaney for the attorney fees and costs she incurred in the arbitration proceeding.

2. *Amount of attorney fees and costs to be awarded for arbitration proceeding is to be determined by arbitrator.*

Chaney's reply papers on her second motion to correct the award included the declaration of her attorney in support of the attorney fees request.

Appended to the declaration was a copy of counsel's three-page bill. Except for $600 for preparation of the motion to correct the award and review of the opposition thereto, virtually all the billings by Chaney's counsel were for services rendered and costs incurred *at the arbitration level*, not in the superior court.

 The issue is whether the arbitrator, pursuant to the contract, should have been directed to decide the *amount* of attorney fees and costs to be awarded for the arbitration proceeding, or whether the issue of the amount of those fees and costs was a matter for the trial court.

An award of attorney fees for the arbitration itself is within the arbitrator's purview. For example, in *Taranow* v. *Brokstein* (1982) 135 Cal.App.3d 662, 664-665 [185 Cal.Rptr. 532], involving a partnership dispute, the partnership agreement contained both an arbitration clause and a provision for reasonable attorney fees to the prevailing party. The matter was arbitrated. The arbitrator's award included an award of attorney fees to the prevailing party. The losing party filed a petition to vacate the award on the ground the arbitrator exceeded his jurisdiction in awarding attorney fees incurred in the arbitration proceedings. The superior court confirmed the award, concluding the arbitrator had the necessary jurisdiction to award attorney fees. (*Id.*, at p. 665.) The reviewing court reviewed the provisions of the agreement and affirmed the trial court's ruling. (*Id.*, at pp. 664-668; see also *Severtson* v. *Williams Construction Co.* (1985) 173 Cal.App.3d 86, 96 [220 Cal.Rptr. 400] ["[a]ttorneys' fees and costs were properly part of the arbitrator's original award"]; *Dickinson* v. *Kaiser Foundation Hospitals* (1980) 112 Cal.App.3d 952, 954 [169 Cal.Rptr. 493] [arbitration award directed each party to bear its own costs, fees and expenses].)

Thus, the issue of the *amount* of attorney fees and costs to be awarded for the arbitration proceeding was properly a matter for the arbitrator. (*Severtson* v. *Williams Construction Co.*, *supra*, 173 Cal.App.3d at p. 96; *Dickinson* v. *Kaiser Foundation Hospitals*, *supra*, 112 Cal.App.3d at p. 954; *Taranow* v. *Brokstein*, *supra*, 135 Cal.App.3d at pp. 664-665.) After the arbitrator declined to award Chaney her attorney fees and costs, notwithstanding his determination she was the prevailing party, the trial court was empowered to correct the award to provide for an award of attorney fees and costs to Chaney. However, the trial court should have remanded the matter to the arbitrator to determine the *amount* of attorney fees and costs to which Chaney was entitled for the arbitration proceeding, rather than making that determination at the trial court level.

Further, not only is the determination as to the amount properly within the purview of the arbitrator, but we observe it is the arbitrator, not the trial

court, which is best situated to determine the amount of reasonable attorney fees and costs to be awarded for the conduct of the arbitration proceeding. In view of the arbitrator's apparent reluctance to award attorney fees and costs to Chaney, we remind the arbitrator he is compelled by the parties' agreement to award reasonable attorney fees and costs to the prevailing party and lacks discretion to do otherwise.

### 3. DiMarco's reliance on section 1033.5 unavailing.

■ DiMarco argues Chaney's attorney fees request was procedurally infirm because Chaney did not file a noticed motion as required by section 1033.5. (*Bankes* v. *Lucas* (1992) 9 Cal.App.4th 365, 370-371 [11 Cal.Rptr.2d 723]; *Gunlock Corp.* v. *Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301, 1303-1304 [19 Cal.Rptr.2d 197]; *Russell* v. *Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1724-1725 [24 Cal.Rptr.2d 274].) The argument fails.

Section 1293.2 within the title of the code pertaining to arbitration, states "The court shall award costs upon any judicial proceeding under this title as provided in . . . Section 1021 [et seq.] . . ."

In contrast, section 1284.2 pertains to costs incurred in the underlying arbitration proceeding. (*Dickinson* v. *Kaiser Foundation Hospitals, supra,* 112 Cal.App.3d at p. 954.)[4] Thus, "[i]n arbitration matters, the Legislature has carefully distinguished between costs incurred in the arbitration and costs incurred in superior court to enforce an arbitration award." (*Ibid.*)

Consequently, it would appear the requirement of a noticed motion under section 1033.5 applies to a request in the superior court for attorney fees incurred in proceedings to correct, vacate or confirm an arbitration award, not to a request for attorney fees incurred in the underlying arbitration. The determination of a claim for attorney fees incurred in prosecuting or defending the underlying arbitration proceeding is within the purview of the arbitrator, rendering the procedure of section 1033.5 inapplicable.

Once the arbitrator makes a determination as to the amount of attorney fees and costs to which Chaney is entitled for the arbitration proceeding, Chaney may move in the superior court to confirm the award. At that juncture, Chaney may bring a noticed motion pursuant to sections 1033.5

---

[4] Section 1284.2, within the chapter pertaining to conduct of arbitration proceedings, states: "Unless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees or other expenses incurred by a party for his own benefit."

and 1293.2 to recover the reasonable amount of the attorney fees and costs which she incurred *in judicial proceedings*.[5]

## DISPOSITION

The judgment is reversed insofar as it awards $19,575 in attorney fees and other costs to Chaney. The matter is remanded to the trial court with directions to remand to the arbitrator for a determination of the amount of attorney fees and costs to which Chaney is entitled for the arbitration proceedings, and for further proceedings consistent with this opinion. The judgment is otherwise affirmed.

Chaney's request for sanctions on appeal is denied.

DiMarco to recover costs on appeal.

Croskey, J., and Collins, J.,* concurred.

---

[5]We observe DiMarco does not seek to preclude Chaney from recovering attorney fees and costs. DiMarco's brief only requests "that this matter be remanded to the trial court for a proper determination of Chaney's attorneys fees and costs."

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.