[No. A096670. First Dist., Div. Five. Aug. 12, 2002.]

PHILIP KAHN et al., Plaintiffs and Respondents, v.
BENNY CHETCUTI, JR., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.B.

COUNSEL

Filice Law Offices and Gerald W. Filice for Defendant and Appellant.

Carr, McClellan, Ingersoll, Thompson & Horn and Robert A. Nebrig for Plaintiffs and Respondents.

OPINION

JONES, P. J.—In this dispute arising from the sale of a home to respondents, seller Benny Chetcuti, Jr., appeals from a judgment confirming an award in a contractual arbitration and denying his petition to correct the award. He contends (1) the arbitrator exceeded his powers, and (2) the arbitrator erred procedurally when he awarded attorney fees and costs to respondents. In the published portion of the opinion, we interpret the parties' agreement to authorize the arbitrator to determine whether the prevailing party's act of filing a complaint before an obligatory mediation barred the award of attorney fees to that party. That determination, we conclude, is not subject to judicial review. We reject the second argument in the unpublished portion of our opinion and affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 1995, appellant purchased a residence located on Edgehill Drive in Burlingame as a business investment. Appellant renovated the property and then listed it for sale. Respondents Philip and Mara Kahn purchased the residence from appellant in June 1996 for $455,000. The purchase agreement contained clauses stating that any disputes arising out of the contract must be mediated, and if that was unsuccessful, submitted to binding arbitration. The agreement also provided that the prevailing party in any arbitration or other legal proceedings was entitled to reasonable attorney fees, with a limitation on the right to fees where an arbitrator determined that a party otherwise entitled to fees resisted mediation.

In April 1998, Lori Lutzker, an attorney representing respondents, sent a letter to appellant alleging he had failed to disclose certain defects that were present in the residence. Acknowledging the alternative dispute resolution clauses in the purchase agreement, Lutzker demanded that appellant submit the dispute to mediation.

Gerald W. Filice, an attorney, replied to Lutzker's letter on appellant's behalf. He denied that appellant had made any misrepresentations, but he

agreed to "undertake" mediation. He urged Lutzker to submit the names of potential mediators.

In the weeks that followed, Lutzker and Filice exchanged a series of letters trying to select an appropriate mediator. That process was still not complete by late June 1998, and Lutzker became concerned that the statute of limitations for certain claims respondents had against appellant might pass. Hoping to "avoid [an] unnecessary legal action" Lutzker drafted an agreement and sent it to Filice, asking him to waive "all applicable statutes of limitations during the time when we are attempting to resolve the dispute through mediation and arbitration."

Filice refused to sign the agreement. Therefore, on July 2, 1998, Lutzker filed a complaint against appellant on respondents' behalf. Respondents did not intend to proceed with the litigation. They filed the complaint solely to preserve their legal rights. In fact, Lutzker prepared a stipulation proposing to stay the action pending the conclusion of the arbitration.

The mediation was conducted in September 1998. It was unsuccessful. The parties then proceeded to arbitration.

An arbitration hearing was conducted before an attorney selected by the parties, William L. Nagle, on three days in January and February 2001. During the arbitration, both parties agreed that the issue of attorney fees would be litigated after the arbitrator had issued his initial award.

On February 15, 2001, the arbitrator issued his award and memorandum of decision. He ruled respondents were entitled to $100,000 in damages, but that those damages were subject to a $50,000 setoff based on sums respondents had received from their broker and real estate agent. Thus respondents were awarded $50,000 from appellant. The arbitrator also ruled respondents were the prevailing parties and that they were entitled to their attorney fees and costs under the terms of the arbitration agreement.

On April 3, 2001, respondents filed a memorandum with the arbitrator setting forth the fees and costs they had incurred. Appellant then filed what he described as a motion to strike and to tax costs. He raised two issues that are relevant here. First, appellant argued the arbitrator exceeded his authority when he awarded attorney fees and costs to respondents because respondents had filed a complaint *before* the mediation hearing. According to appellant, that act (filing the complaint) precluded an award of fees and costs under the terms of the purchase agreement. Second, appellant argued the arbitrator lacked jurisdiction to award fees and costs because respondents' application

for those fees and costs was a "correction" to the arbitration award that was not "timely" under the California arbitration statutes. (See Code Civ. Proc.,[1] § 1280 et seq.)

The arbitrator held a hearing on the fee request on May 14, 2001. On May 31, 2001, the arbitrator issued his written ruling awarding respondents $83,289.75 in attorney fees, plus $13,638.95 in costs.

Appellant then filed a petition in the San Mateo Superior Court seeking to correct the arbitration award. As is relevant here, he raised the same two issues that he raised before the arbitrator in his motion to strike and to tax costs.

On June 18, 2001, respondents filed a petition to confirm the arbitration award.

Both petitions were heard by the court at a hearing on July 17, 2001. The court denied appellant's motion to correct the award and granted respondents' request to confirm. In addition, the court awarded respondents an additional $3,690 in attorney fees. This appeal followed.

II. DISCUSSION

A. *Did the Arbitrator Exceed His Power?*

■ Appellant contends the trial court should have granted his motion to correct the arbitration award because the arbitrator exceeded his powers when it awarded attorney fees and costs to respondents. ■ Whether the arbitrator exceeded his powers presents a question of law that we decide de novo on appeal. (*Creative Plastering, Inc. v. Hedley Builders, Inc.* (1993) 19 Cal.App.4th 1662, 1666 [24 Cal.Rptr.2d 216].)

The pivotal question a court must answer when deciding whether an arbitrator exceeded his powers is whether the arbitrator had the authority to rule on a particular issue under the terms of the controlling arbitration agreement. (*Creative Plastering, Inc. v. Hedley Builders, Inc., supra,* 19 Cal.App.4th at p. 1666; *Southern Cal. Rapid Transit Dist. v United Transportation Union* (1992) 5 Cal.App.4th 416, 422 [6 Cal.Rptr.2d 804]; cf. *DiRussa v. Dean Witter Reynolds, Inc.* (2d Cir. 1997) 121 F.3d 818, 824.) ■ Here, the purchase agreement contains a clause that specifically authorized an award of attorney fees and costs. It states, "Should any legal or

---

[1]Unless otherwise indicated, all further section references will be to the Code of Civil Procedure.

equitable action, arbitration or other proceeding between Buyer and Seller arise out of this agreement, the prevailing party shall be awarded reasonable attorney's fees and court or arbitration costs in addition to any other judgment or award." Clearly the arbitrator had the power to award fees and costs.

Appellant contends the arbitrator exceeded his powers because he awarded fees and costs to respondents even though such an award was prohibited under the facts of this case. Appellant bases his argument on the mediation clause contained in the purchase agreement, which states in part, "Buyer [and] Seller . . . agree to and shall mediate any dispute or claim between them arising out of this contract. . . . The mediation shall be held prior to any court action or arbitration. . . . Should the prevailing party attempt an arbitration or a court action before attempting [to] mediate, THE PREVAILING PARTY SHALL NOT BE ENTITLED TO ATTORNEY FEES THAT MIGHT OTHERWISE BE AVAILABLE TO THEM IN A COURT ACTION OR ARBITRATION. . . ." Appellant contends respondents were not entitled to fees and costs under this language because they filed a complaint against him *before* the mediation hearing and thus they "attempt[ed] . . . a court action before attempting [to] mediate." Under these circumstances, appellant contends, the arbitrator exceeded his powers when he made such an award.

We must reject appellant's argument. The arbitration clause in the purchase agreement states that the arbitrator was authorized to decide "[a]ny dispute or claim in law or equity arising out of this contract or any resulting transaction . . . ." One dispute or claim the arbitrator was authorized to decide under this broad language was whether respondents had in fact "attempt[ed] . . . a court action before attempting [to] mediate." By rejecting appellant's motion to strike and to tax costs, the arbitrator *impliedly* concluded respondents had not "attempt[ed] . . . a court action before attempting [to] mediate." (Cf. *Rosenquist v. Haralambides* (1987) 192 Cal.App.3d 62, 67 [237 Cal.Rptr. 260] ["courts must indulge every reasonable intendment to give effect to arbitration proceedings"]; *Griffith Co. v. San Diego Col. for Women* (1955) 45 Cal.2d 501, 516 [289 P.2d 476, 47 A.L.R.2d 1349] [same]; see also *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 381 [36 Cal.Rptr.2d 581, 885 P.2d 994] [courts must defer to an arbitrator's implied findings].) The arbitrator did not "exceed his powers" when he decided an issue he was clearly authorized to decide.

Appellant seems to contend that because respondents filed a complaint against him *before* the mediation hearing the arbitrator had no alternative but to conclude that respondents had "attempt[ed] . . . a court action before attempting [to] mediate." ■ However "the merits of a controversy that

has been submitted to arbitration are not subject to judicial review. This means that we may not review the validity of the arbitrator's reasoning, the sufficiency of the evidence supporting the award, or any errors of fact or law that may be included in the award." (*Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1313 [117 Cal.Rptr.2d 910].)

 Our deference to the arbitrator's implied ruling should not be interpreted as meaning that we somehow disagree with his decision. Absent a restriction to the contrary, " '[a]rbitrators . . . may base their decision upon broad principles of justice and equity, and in doing so may expressly or impliedly reject a claim that a party might successfully have asserted in a judicial action.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 10-11 [10 Cal.Rptr.2d 183, 832 P.2d 899], quoting *Sapp v. Barenfeld* (1949) 34 Cal.2d 515, 523 [212 P.2d 233].) " '[A]rbitrators are not bound to award on principles of dry law, but may decide on principles of equity and good conscience, and may make their award *ex aequo et bono* [according to what is just and good].' " (*Moncharsh*, at p. 11, quoting *Muldrow v. Norris* (1852) 2 Cal. 74, 77.)

 Here, the evidence shows respondents filed a complaint against appellant prior to the mediation hearing. However, the evidence also shows respondents only did so because the statute of limitations for some of their claims was about to pass, and appellant's counsel refused to sign an agreement waiving the statute of limitations. Furthermore, the evidence shows respondents did not intend to pursue the suit, and that they filed it only to preserve their legal rights. The arbitrator reviewing this evidence could reasonably conclude respondents did not, in any real sense, "attempt . . . a court action before attempting [to] mediate."

Appellant's final argument on this issue is that the arbitrator exceeded his power as that concept is interpreted in *DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809 [37 Cal.Rptr.2d 558]. We disagree. In *DiMarco,* the parties to a real estate transaction submitted their dispute to arbitration under a contract that said the prevailing party " 'shall be entitled to reasonable attorney's fees and costs.' " (*Id.* at p. 1812, fn. 1.) The arbitrator ruled the seller was the prevailing party but declined to award her fees and costs. The appellate court ruled the arbitrator had exceeded his powers under those circumstances because "having made a finding [the seller] was the prevailing party, the arbitrator was compelled by the terms of the agreement to award her reasonable attorney fees and costs." (*Id.* at p. 1815.)[2]

*DiMarco* is distinguishable because here, the arbitrator did not find that respondents had "attempt[ed] . . . a court action before attempting [to]

---

[2]Our Supreme Court recently took note of the decision in *DiMarco* but declined to decide whether its reasoning was correct. (See *Moshonov v. Walsh* (2000) 22 Cal.4th 771, 779 [94

mediate." Indeed precisely the opposite is true. By rejecting appellant's motion to strike and tax costs, the arbitrator impliedly made an opposite finding. *DiMarco* is inapposite.

We conclude the arbitrator did not exceed his powers when he awarded respondents their attorney fees and costs.[3]

B. *Did the Arbitrator Err Procedurally When He Awarded Attorney Fees and Costs?* *

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III. DISPOSITION

The judgment confirming the award and denying appellant's petition to correct the award is affirmed.

Stevens, J., and Simons, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 30, 2002.

---

Cal.Rptr.2d 597, 996 P.2d 699].) We too need not state an opinion on the issue because the case is distinguishable.

[3]Having reached this conclusion, we need not reach respondents' argument that any limitation on the right of the prevailing party to recover attorney fees would be unenforceable.

*See footnote, *ante*, page 61.