Filed 12/31/13  Turnber v. Layton CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THOMAS C. TURNER, INC.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS R. LAYTON et al.,<br><br>    Defendants and Appellants. | 2d Civil Nos. B241809, B246400<br>(Super. Ct. No. EC045171)<br>(Los Angeles County) |

Thomas R. and Rose M. Layton (the Laytons) appeal a judgment after orders confirming an arbitration award in favor of Thomas C. Turner, Inc., doing business as T&T Construction (Turner) and awarding Turner post-arbitration attorney fee and costs.  We affirm.

### FACTS AND PROCEDURAL HISTORY

The Laytons hired Turner, a general contractor, to remodel their house. During construction, the scope of work changed as did the timeline for completion. Turner prepared change orders, some of which the Laytons signed and some of which they paid.  Before Turner completed the project, the Laytons replaced him.

In 2007, Turner brought an action against the Laytons to recover an unpaid balance on the contract price in the amount of $20,833, and to recover about $122,222 in unpaid work orders.  He also requested contractual attorney fees.  The

Laytons cross-complained. They alleged that Turner's work was negligent and that he engaged in fraudulent practices.

The construction contract between the parties required "neutral arbitration as provided by California law" and authorized an award of attorneys fees to the prevailing party. In the trial court, the parties stipulated to stay the action and to submit the dispute to "binding arbitration in accordance with the provisions of California Code of Civil Procedure, sections 1280, *et seq.* [the California Arbitration Act (CAA)] before JAMS." The parties and the arbitrator relied exclusively on JAMS Comprehensive Arbitration Rules & Procedures (JAMS rules) during the arbitration and no party objected to the JAMS rules. The arbitrator later stated in orders and awards that "Pursuant to the Stipulation, this is [a] private, contractual arbitration . . . . Further, JAMS Comprehensive Arbitration Rules and Procedures govern this proceeding." The record does not include a written agreement to be governed by JAMS rules.

In 2010, the arbitrator issued a "Partial Award" in which he decided that Turner had committed no negligence or fraud, and that the Laytons had breached the contract by not paying the balance due. He decided that the unpaid change orders were void for failure to comply with statutory requirements. The arbitrator awarded Turner $20,833 for the unpaid contract balance but nothing for the unpaid change orders. He determined there was no prevailing party and did not award attorneys fees in the Partial Award. He awarded interest to Turner, and set a briefing schedule for calculating the amount. The arbitrator invited Turner to submit a calculation of statutory interest by October 22, and the Laytons to submit a calculation by October 29. The arbitrator wrote, "This partial award disposes of each and every issue and cause of action raised by the parties. However, the arbitrator reserves jurisdiction to await a calculation of the statutory interest due clamant Turner."

Turner submitted his calculation of interest on the date set by the briefing schedule. He also asked the arbitrator to reconsider the prevailing party determination because Turner had recovered the full contract price. The Laytons did not respond on the date set by the briefing schedule. They filed a response 16 days after their response was

2

due, but by then the arbitrator had already issued a "Final Award." In their late response, the Laytons did not cite to the CAA or question the arbitrator's power to reconsider the prevailing party determination. Instead, they sought affirmative relief. They argued, "If any party prevailed during the course of arbitration it was Layton and not Turner," and "to the extent a redetermination is made by the arbitrator and Turner is found to be the prevailing party, Turner can only recover *reasonable* attorneys' fees."

The arbitrator issued a Final Award on November 17, 2010, setting the amount of interest and deciding that Turner was the prevailing party on the contract because he recovered the full amount he sought on the contract price. "From this assessment," the arbitrator wrote, "it would be an abuse of discretion to not award attorneys fees and costs." He relied on *DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809, 1815 [arbitrator exceeds his powers by denying attorney fees to the prevailing party where issue is within the scope of contractual arbitration provision and attorney fees clause]. The arbitrator awarded Turner $114,728.20 in attorney's fees, together with $82,902.99 in other costs and $7,512.03 in interest.

Again, the Laytons sought affirmative relief. They moved for reconsideration, asking the arbitrator to "reconsider its Final Award and issue a new award declaring Layton the prevailing party." In their motion they did not challenge the arbitrator's power to reconsider his prevailing party determination. They did not raise that issue until their reply to Turner's opposition.

The arbitrator denied the Laytons' motion for reconsideration. In doing so, the arbitrator stated, "Under JAMS Comprehensive Arbitration Rule 24(d), the Partial Award is like an Interim Award; it allows for reconsideration or modification before issuing a Final Award."

The Laytons moved the trial court for an order vacating or correcting the arbitrator's Final Award on the ground that he exceeded his powers under the JAMS rules by reconsidering the prevailing party determination. Turner simultaneously moved to affirm the award, and the Laytons opposed on the same grounds. The Laytons relied exclusively on the JAMS rules for their argument that the arbitrator exceeded his powers.

3

The trial court denied the Laytons' motion, affirmed the arbitrator's award, awarded post-arbitration attorneys fees and costs to Turner in an amount to be determined, and entered judgment. The Laytons appealed from the April 19, 2012 judgment. (2nd Civil No. B241809.) The trial court then entered an order awarding Turner $6,615 for fees incurred post-arbitration. The Laytons appealed from the July 16 order setting the amount of post-arbitration fees. (2nd Civil No. B246400.) We granted the Laytons' request to consolidate those appeals.

DISCUSSION

The Laytons contend that the arbitrator exceeded his powers under the CAA and the JAMS rules by reconsidering his prevailing party determination. We agree, but conclude that the Laytons are not entitled to relief because they invited the error when they acquiesced in the request for reconsideration and urged the arbitrator to "issue a new award declaring Layton the prevailing party."

A prime objective of an agreement to arbitrate is to achieve streamlined proceedings and expeditious results. (*Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1140.) Consistent with this objective, an arbitrator's decision cannot be reviewed for errors of fact or law, with only narrow exceptions. (*Moncharsch v. Heily & Blase* (1992) 3 Cal.4th 1, 11.) A trial court has the limited power to vacate or correct an arbitration award if "the arbitrators have exceeded their powers." (Code Civ. Proc., §§ 1286.2, subd. (a)(4), 1286.6, subd. (b).) A trial court shall vacate an arbitration award if the arbitrators "exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (*Id.*, § 1286.2, subd. (a)(4).) If the award can be corrected without affecting the merits of the decision, the trial court may correct it. (*Id.*, § 1286.6.)

The trial court's determination as to whether an arbitrator exceeded his or her powers is an issue of law that we review de novo. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9.) "[W]e review the superior court's decision de novo, but we 'pay substantial deference to an arbitrator's determination of his own authority.' [Citation.] Any doubts about the arbitrator's power to decide these issues

4

must be resolved in his favor.  [Citation.]"  (*Roehl v. Ritchie* (2007) 147 Cal.App.4th 338, 347-348.)  The powers of an arbitrator derive from and are limited by the agreement to arbitrate.  (*Gueyffier v. Ann Summers, Ltd*. (2008) 43 Cal.4th 1179, 1185.)

Under the CAA, an arbitrator has the power to issue an "incremental award" but may not substantively correct the original award.  (Code Civ. Proc., §§ 1284, 1286.6 [arbitrator may correct an award only for "evident miscalculation of figures or . . . mistake in the description" or a "matter of form, not affecting the merits"]; *Roehl v Ritchie*, *supra*, 147 Cal.App.4th at p. 341 [An arbitrator is "free to conduct an incremental or multistep process as part of his choice or a remedy, and to issue a second award," where the arbitrator does "not revisit previously determined matters"].)

Under either the CAA or the JAMS rules, the arbitrator exceeded his powers as a matter of law when he modified the Partial Award to change his prevailing party determination.  In his Final Award, the arbitrator characterized his "Partial Award" as an "Interim Award" that "allows for reconsideration or modification before issuing a Final Award."  The JAMS rule upon which he relied gives an arbitrator the power to issue an interim ruling, but does not authorize substantive corrections to an award. (JAMS rule 24(a), (d) ["In addition to a Final Award or Partial Final Award, the Arbitrator may make other decisions, including interim or partial rulings, order and Awards"]; JAMS rule 24(j) [The arbitrator may only "correct any computational, typographical or other similar error in an Award (including the reallocation of [Arbitrator's] fees pursuant to Rule 31(c))"].)

In *Banks v. Milwaukee Ins. Co*. (1966) 247 Cal.App.2d 34, 37 an arbitrator exceeded his powers when he made a correction that "was no mere recalculation, but a revision in substance, adding an element of damages not covered . . . in the [original] award as rendered."  Similarly, in *Elliott & Ten Eyck Partnership v. City of Long Beach* (1997) 57 Cal.App.4th 495, 501, "[t]here [was] no doubt but that, if Judge Charvat was acting as a contract arbitrator subject to all of the restrictions of the [CAA], his supplement to decision [with substantive revisions] was void."

5

But the Laytons induced the arbitrator to modify his prevailing party determination when they did not timely object to Turner's request for reconsideration, and when they later urged the arbitrator to "reconsider its Final Award and issue a new award declaring Layton the prevailing party."  The doctrine of invited error is an application of the estoppel principle.  (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403.)  Where a party by his or her conduct induces the commission of error, he or she is estopped from asserting it as a ground for reversal.  (*Ibid.*)  The purpose of the doctrine is to "prevent[] a party from misleading the trial court and then profiting therefrom in the appellate court.  [Citations.]"  (*Ibid.*)  "'An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the lower court by some appropriate method . . . .'"  (*Doers v. Golden Gate Bridge* (1979) 23 Cal.3d 180, 185, fn. 1.)

The doctrine of invited error has been applied in the arbitration context.  (*Harris v. Sandro* (2002) 96 Cal.App.4h 1310, 1314 [Any error in awarding fees was invited because both parties requested an award of fees in the arbitration]; *Taranow v. Brokstein* (1982) 135 Cal.App.3d 662, 667 [Even if the arbitrator did not have power to award attorney's fees, the aggrieved party "*voluntarily* joined in the arbitration of the dispute" and "may therefore not now complain"]; *Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 860 [A claimant may not voluntarily submit a claim to arbitration, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act].)  The Laytons voluntarily joined in reconsideration of the prevailing party determination and, under the invited error doctrine, cannot now complain of the error.  They did eventually question the arbitrator's power to reconsider, but did so only belatedly in a reply to Turner's opposition to their own motion to reconsider the final award in which they had asked the arbitrator to "reconsider its Final Award and issue a new award declaring Layton the prevailing party."  Their delay was a method of submitting the issue of reconsideration to the arbitrator and waiting to see if the outcome would be favorable before challenging his authority by an appropriate method.  Having voluntarily submitted reconsideration to the arbitrator they cannot now complain.

6

DISPOSITION

The judgment is affirmed.  Turner shall recover his costs on appeal.

NOT TO BE PUBLISHED.

O'DONNELL, J.[*]

We concur:

YEGAN, A. P. J.

PERREN, J.

---

[*] (Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Laura A. Matz, Judge

Superior Court County of Los Angeles
_____


Law Offices of Martin N. Buchanan, Martin N. Buchanan, Girardi & Keese, Thomas V. Girardi ad Christopher Terrence Aumais for Defendants and Appellants.

Manning & Kass, Ellrod, Ramirez, Trester, Darin L. Wessel; Builders Law Group, Nick Campbell, for Plaintiff and Respondent.