Filed 9/9/16  Setareh v. Bierer CA2/3

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SORAYA SETAREH et al., | B267426 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC453931) |
| v. | |
| WILLIAM BIERER, Individually and as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

Alexander Cohen and Associates, Boris Treyzon and Renata Salo for Plaintiffs and Appellants.

Mark R. Weiner & Associates and Kathryn Albarian for Defendants and Respondents.

————————————

Under an agreement containing arbitration and attorney fees provisions, plaintiffs and appellants Soraya and Henry Setareh and Greenbirds Treasures, Inc. (collectively, Setareh) arbitrated a dispute with defendants and respondents William and Beverly Bierer, individually and as cotrustees of the William and Beverly Bierer Family Trust (collectively, Bierer). The arbitrator awarded damages to Setareh but ordered the parties to bear their own attorney fees and costs, even though the agreement provided that the prevailing party was entitled to fees and costs. Setareh now contends on appeal that the trial court erred by failing to correct the arbitration award to give Setareh fees and costs. We disagree and affirm the judgment.

## BACKGROUND

Setareh, as tenant, and Bierer, as landlord, entered into a commercial lease agreement, which contained arbitration and attorney fees clauses.[1] When leaks at the premises caused damage to Setareh's rug business, Setareh, instead of submitting the matter to arbitration, filed a complaint for damages, which contained a prayer for attorney fees and costs. Over Setareh's opposition, the trial court granted Bierer's motion to compel arbitration.

The matter was arbitrated in March 2015. Setareh's arbitration brief requested $372,707 in damages "plus recoverable costs." The arbitrator found in Setareh's favor and awarded damages in the amount of $210,960, the amount at which an expert

---

[1] The arbitration clause provided, "ARBITRATION OF DISPUTES: (1) Tenant and Landlord agree that any dispute or claim in Law or equity arising between them out of this agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration . . . . The arbitrator . . . shall render an award in accordance with substantive California Law. In all other respects, the arbitration shall be conducted in accordance with Part III, Title 9 of the California Code of Civil Procedure. . . ."

The attorney fees clause provided: "In any action or proceeding arising out of this agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs from the non-prevailing Landlord or Tenant, except as provided in paragraph 34A."

2

appraised the damaged rugs. The arbitrator directed, "Each party is to bear its own costs and attorneys' fees."

Setareh petitioned the trial court to confirm the $210,960 award but also to correct it by giving Setareh attorney fees.[2] Bierer opposed the petition on the grounds, first, that Setareh waived any claim for attorney fees by failing to request or to present evidence of such fees to the arbitrator, and, second, that the arbitrator did not exceed his powers, as contemplated by Code of Civil Procedure section 1286.6.

On August 7, 2015, the trial court found that the arbitrator "made no mistake in excess of powers, in not awarding fees, due to opposing evidence supporting a finding that the moving party failed to raise the issue and support it with proof . . . which distinguishes the cited [*DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809] case . . . ."

## DISCUSSION

Setareh's sole contention is the trial court improperly denied the motion to correct the arbitration award by awarding Setareh attorney fees and costs. We disagree.

"[J]udicial review of private, binding arbitration awards is generally limited to the statutory grounds for vacating (§ 1286.2) or correcting (§ 1286.6) an award." (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775 (*Moshonov*); see also *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 33.) An arbitrator does not exceed his or her powers within the meaning of those statutes "merely by rendering an erroneous decision on a legal or factual issue, so long as the issue was within the scope of the controversy submitted to the arbitrators." (*Moshonov*, at p. 775.) We cannot review the merits of the underlying controversy, the arbitrator's reasoning, or the sufficiency of the evidence supporting the award. (*Alexander v. Blue Cross of California* (2001) 88 Cal.App.4th 1082, 1087.)

These rules apply to an arbitrator's decision regarding attorney fees. In *Moshonov*, for example, the arbitrator found that defendants were the prevailing party but

---

[2]      Setareh also asked for prejudgment interest, but that issue is not before us.

3

denied their request for attorney fees (on the ground the action was not one to enforce the contract), even though the contract provided for such fees. (*Moshonov*, *supra*, 22 Cal.4th at p. 775.) Because the matter had been submitted to arbitration without limitation, and the parties' pleadings prayed for attorney fees, the arbitrator was empowered to decide the matter of recovery of attorney fees. (*Id.* at p. 776.) Even if legally erroneous, the arbitrator's decision on fees was final and binding. (*Id.* at p. 779.)

Similarly, in *Moore v. First Bank of San Luis Obispo* (2000) 22 Cal.4th 782, 785 (*Moore*), the underlying contract contained an attorney fees provision, and the plaintiffs requested attorney fees during arbitration. Without explanation, the arbitrators ordered the parties to bear their own attorney fees. (*Id.* at p. 786.) *Moore* found that the issue of attorney fees was submitted to the arbitrators, and their decision was final and not judicially reviewable for error. (*Id.* at p. 787.) *Moore* also rejected the plaintiffs' argument that the arbitrators, by awarding them all requested relief on their contract cause of action, implicitly designated them the prevailing parties on the contract and, as such, the arbitrators had no power to refuse an award of fees where the contract made them mandatory. (*Ibid.*) "Plaintiffs' analysis fails because the arbitrators did *not* designate a prevailing party for purposes of Civil Code section 1717, either explicitly or implicitly." (*Id.* at p. 788, distinguishing *DiMarco v. Chaney*, *supra*, 31 Cal.App.4th 1809.) Even if plaintiffs were correct that they were the "prevailing party," the arbitrators "were asked, but failed, to designate them as such. That failure amounted at most to an error of law on a submitted issue, which does not exceed the arbitrators' powers . . . ." (*Moore*, at p. 788.)

*Moshonov* and *Moore* control the outcome here. Here, as in those cases, Setareh submitted the matter to arbitration with no discernable limitation. Setareh's complaint prayed for attorney fees and costs, and Setareh's arbitration brief requested damages "plus recoverable costs." The issue of attorney fees and costs was therefore before the arbitrator, and its decision not to award fees and costs to Setareh is final and binding. Moreover, having prayed for attorney fees and costs in the complaint, it was Setareh's

4

responsibility to present evidence to support such an award. But the record does not show that Setareh presented such evidence to the arbitrator. The arbitrator thus could have believed there was no evidence before it concerning that issue and, on that ground, ordered the parties to bear their own fees and costs.

Nor can we agree that the arbitrator implicitly designated Setareh the prevailing party. The award is silent on that issue. It is, moreover, possible that the arbitrator thought that Setareh was not the prevailing party. Although the arbitrator awarded Setareh $210,960, this was substantially less than the $372,707 Setareh asked for in its arbitration brief.

Finally, to the extent *DiMarco v. Chaney*, *supra*, 31 Cal.App.4th 1809, remains good law after *Moshonov* and *Moore*, it is distinguishable. There, the arbitrator designated the defendant the prevailing party but denied the defendant's request for attorney fees and costs. *DiMarco* found that the arbitrator, having found that defendant was the prevailing party, was compelled by the terms of the underlying agreement to award the defendant attorney fees. (*Id.* at p. 1815.) By denying fees, the arbitrator exceeded his power. But, as we have said, the arbitrator here did not designate a prevailing party. *DiMarco* is therefore distinguishable.

## DISPOSITION

The judgment is affirmed.  Defendants and respondents may recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, Acting P. J.


We concur:


LAVIN, J.


STRATTON, J.\*

---

\*	Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.