Filed 8/19/25  Techna Land Co. v. 2733 SFLA CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TECHNA LAND CO., INC. et al.,<br><br>     Plaintiffs and Appellants,<br><br>     v.<br><br>2733 SFLA, LLC,<br><br>     Defendant and Respondent. | B343099<br><br>(Los Angeles County<br> Super. Ct. No. 24STCP01370) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Shapero & Shapero and Steven J. Shapero, for Plaintiffs and Appellants.

Stoner Carlson and Richard A. McDonald, for Defendant and Respondent.

Appellants Techna Land Co., Inc. and Hayk Martirosian (collectively, Techna) appeal from the denial of their request for attorney fees and costs incurred in arbitration, which Techna made in connection with a petition to confirm an arbitration award.  The trial court determined it did not have authority to award Techna the fees and costs it failed to request during the arbitration proceedings.  We agree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2020, respondent 2733 SFLA, LLC (SFLA) retained Techna to provide civil engineering services for residential real property.  The written agreement between the parties contained an arbitration clause, which stated:  "Any controversy or claim arising out of or relating to this agreement, or any breach thereof, shall be settled or resolved by arbitration administrated by the American Arbitration Association.  Such arbitration is to be conducted under the rules of Construction Industry Arbitration Rules of the American Arbitration Association.  Any judgment upon the award granted by the arbitrator may be entered in any court having jurisdiction thereof."  Additionally, the agreement contained a provision providing for Techna to recover its attorney fees and costs in the event it was required to institute an action under the contract.

In October 2022, SFLA filed a demand for arbitration with the American Arbitration Association (AAA), alleging that Techna breached the contract and committed professional negligence.  Techna filed its answering statement about two weeks later.  According to SFLA, the AAA form Techna used to answer the demand for arbitration contained a box that was to be

2

checked when a party seeks attorney fees, but Techna did not check the box.

In April 2024, the arbitrator issued a final award, finding in favor of Techna on all claims and ordering SFLA to pay Techna $13,725.75.  The award further stated:  "[Techna is] the Prevailing Part[y].  However, [Techna] make[s] no claim for attorney fees in its/his Answering Statement, Answer, or Closing Argument.  As such, no attorney fees are awarded to [Techna].  The right of the prevailing part[y] to seek attorney fees and expenses in this arbitration, according to the terms of the agreement, shall not preclude the submission of an original or subsequent application for attorney fees, if any, to any Court of competent jurisdiction."  The award concluded:  "This Award is in full settlement of all claims submitted to this Arbitration.  All claims not expressly granted are hereby denied."

Techna filed a petition to confirm the arbitration award and requested an award of $65,868.20 for attorney fees and costs incurred in the arbitration.  Techna asserted it prevailed in the arbitration, and the arbitrator determined it should apply to the trial court for fees and costs.  Techna argued the arbitrator "was well within her authority to award to [Techna] the ability to request attorneys fees, as prevailing party, from th[e] court."  In opposition, SFLA argued, among other things, that the arbitrator decided not to award Techna any attorney fees because it failed to request them during arbitration.  SFLA further asserted Techna was precluded from seeking attorney fees from the trial court because Techna agreed to arbitrate all claims and controversies relating to the contract.

The trial court granted Techna's petition "as to the [a]ward of $13,725.75 only."  The court entered judgment on the award

3

and noted SFLA had fully satisfied the judgment. However, the court denied the petition as to the request for attorney fees. It found that Techna "waived the right to recover attorney's fees incurred in arbitration by failing to seek such attorney's fees before the arbitrator, and the arbitrator made a decision [on] the merits that because [Techna] did not request such attorney's fees, they would not be awarded." The court reasoned: "The fact that the arbitrator indicated that [Techna] may seek attorney's fees by applying to the court is of no effect. The question of the entitlement to and amount of attorney's fees to be awarded in arbitration was for the arbitrator, not this [c]ourt, to decide." Techna timely appealed.[1]

## DISCUSSION

### A.      Legal Principles and Standard of Review

"The California Arbitration Act (CAA; Code Civ. Proc., § 1280 et seq.)[2] 'represents a comprehensive statutory scheme regulating private arbitration in this state.'" (*Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 10 (*Cooper*).) "'The statutes set forth procedures for the enforcement of agreements to arbitrate (. . . §§ 1281.2–1281.95), establish rules for the conduct of arbitration proceedings except as the parties otherwise agree (. . . §§ 1282–1284.2), describe the circumstances in which arbitrators' awards may be judicially vacated, corrected,

---

[1]      We grant Techna's unopposed request for judicial notice of the AAA construction industry arbitration rules in effect in May 2020 when the parties entered into their agreement. (*Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 505, fn. 6.)

[2]      All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

confirmed, and enforced (. . . §§ 1285–1288.8), and specify where, when, and how court proceedings relating to arbitration matters shall occur (. . . §§ 1290–1294.2).'" (*Cooper*, at pp. 10–11.)

"[I]t is the general rule that parties to a private arbitration impliedly agree that the arbitrator's decision will be both binding and final." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9, fn. omitted (*Moncharsh*).) To enforce arbitral finality, the CAA minimizes judicial intervention. (*Id.* at pp. 10–11; *Cooper*, *supra*, 230 Cal.App.4th at p. 11.) "Once a petition to confirm an award is filed, the superior court has only four courses of conduct: to confirm the award, to correct and confirm it, to vacate it, or to dismiss the petition." (*Cooper*, at p. 11.) It may not otherwise interfere with the award. (*Ibid.*)

"'On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard.'" (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217; *Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9 [court of appeal reviews award deferentially but reviews order confirming award de novo].)

## B. The Trial Court Did Not Have Authority to Award Attorney Fees and Costs Incurred in Arbitration

Techna asserts that, although the arbitrator declined to award it attorney fees and costs incurred in arbitration, the arbitrator expressly granted Techna the ability to request such from the trial court. Techna argues the court erred by not enforcing the award in accordance with its terms. SFLA contends the arbitrator had "exclusive jurisdiction" over the question of whether either party was entitled to fees and costs,

5

and the arbitrator decided not to award fees to Techna because it failed to request them in arbitration.  We conclude the court correctly determined Techna was precluded from recovering fees and costs incurred in arbitration from the court.

The parties agree that the arbitrator had jurisdiction over the issue of entitlement to attorney fees and costs.  Indeed, the arbitration agreement broadly stated:  "Any controversy or claim arising out of or relating to this agreement, or any breach thereof, shall be settled or resolved by arbitration administrated by [AAA]."  The agreement included a provision entitling Techna to its attorney fees and costs in an action under the contract.  Under the agreed upon AAA rules of arbitration, the arbitrator was empowered to include "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."  (AAA, Construction Industry Arbitration Rules (2015) rule R-48(d), p. 33.)  Accordingly, the parties' agreement placed the decision to award fees and costs solely within the arbitrator's authority.  (*DiMarco v. Chaney* (1995) 31 Cal.App.4th 1809, 1816 (*DiMarco*) ["An award of attorney fees for the arbitration itself is within the arbitrator's purview"]; see *Maaso v. Signer* (2012) 203 Cal.App.4th 362, 377–378 (*Maaso*) [plaintiff not entitled to award of costs from trial court because he never requested such from arbitrators].)

When the parties agree that the arbitrator is to decide whether to award attorney fees and costs, the parties must request fees and costs from the arbitrator.  (*Corona v. Amherst Partners* (2003) 107 Cal.App.4th 701, 706 (*Corona*).)  In *Corona*, the plaintiff prevailed in arbitration and sought attorney fees and costs incurred both in arbitration and in court to confirm the award.  (*Corona, supra,* 107 Cal.App.4th at p. 704.)  On appeal

6

from the trial court's ruling denying the application for fees and costs, the court concluded the plaintiff could not recover fees and costs incurred in arbitration because he did not present the claim to the arbitrator. (*Id.* at pp. 706–707.) The *Corona* court held: "[W]here parties have agreed their dispute will be resolved by binding arbitration, judicial intervention is limited to reviewing the award to see if statutory grounds for vacating or correcting the award exist. [Citations.] Under the statutory scheme, a party's failure to request the arbitrator to determine a particular issue within the scope of the arbitration is not a basis for vacating or correcting an award." (*Id.* at p. 706.) "Such an interpretation of the applicable statutes promotes the Legislature's determination that there is a "'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.'"" (*Ibid.*)

Similarly, in *Maaso*, the plaintiff filed a petition to confirm an arbitration award in his favor and also sought to recover costs incurred in the arbitration under section 998 and prejudgment interest under Civil Code section 3291.[3] (*Maaso*, *supra*, 203 Cal.App.4th at p. 369.) The plaintiff "did not request that the arbitrators rule on the issue of section 998 costs or seek to present evidence on the issue" during the arbitration. (*Ibid.*) The trial court granted the petition to confirm the arbitration award but denied the plaintiff's claim for costs and prejudgment interest. (*Ibid.*) The *Maaso* court affirmed, concluding "that [the plaintiff] was not entitled to these costs and interest because he

---

[3] The *Maaso* court noted that "[a]lthough [the plaintiff] styled his petition as one to 'confirm' the award, he essentially sought 'correction' of the award by asking the court to add costs and interest not awarded by the [arbitrators]." (*Maaso*, *supra*, 203 Cal.App.4th at p. 378.)

7

never requested these enhancements from the arbitrators." (*Id.* at p. 377.) Because the issues submitted to arbitration were not limited, they "included the issue of costs and interest and, where available, attorney fees." (*Ibid.*) Thus, the plaintiff could not recover such costs and interest on a petition to confirm the arbitration award. (*Ibid.*)

Here, the arbitrator considered the issue of attorney fees but decided not to award Techna any fees or costs because Techna did not request them in arbitration. While the arbitrator's award also indicated that the prevailing parties could submit "an original or subsequent application for attorney fees, if any, to any Court of competent jurisdiction," the trial court did not have authority to award Techna fees and costs incurred solely in the arbitration proceedings. (*Corona, supra,* 107 Cal.App.4th at p. 706; *Maaso, supra,* 203 Cal.App.4th at p. 377; see *Moncharsh, supra,* 3 Cal.4th at p. 31 ["[f]ailure to raise the claim before the arbitrator . . . waives the claim for any future judicial review"].) "'[N]ot only is the determination as to the amount [of attorney fees and costs] properly within the purview of the arbitrator, but we observe it is the arbitrator, not the trial court, which is best situated to determine the amount of reasonable attorney fees and costs to be awarded for the conduct of the arbitration proceeding.'" (*Maaso,* at p. 379.)

Techna's reliance on *Caro v. Smith* (1997) 59 Cal.App.4th 725, in arguing the arbitrator could leave the amount of fees and costs incurred in arbitration to be determined by the trial court is misplaced. The costs at issue in *Caro* were statutory costs related to the proceedings in the trial court. (*Id.* at p. 736.) "Caro [did] not seek to recover costs she incurred *in* arbitration." (*Id.* at p. 738, fn. 7.) *Caro* therefore did not provide the trial court with

8

"an independent basis for a cost award to a prevailing party where those costs were not part of the arbitration award." (*Maaso*, *supra*, 203 Cal.App.4th at p. 380.) Techna does not otherwise cite any authority permitting the court to award attorney fees and costs incurred in arbitration where the issue was within the scope of the arbitration and the arbitrator declined to award such fees.

In the alternative, Techna argues the trial court should have remanded the matter for the arbitrator to determine the appropriate amount of attorney fees and costs, citing *DiMarco*, *supra*, 31 Cal.App.4th 1809. In *DiMarco*, the defendant prevailed against the plaintiffs in arbitration. Although the arbitration agreement provided that the award of attorney fees and costs to the prevailing party was mandatory, the arbitrator denied the defendant's request for them. (*Id.* at pp. 1811–1812 & fn. 1.) The defendant filed a motion to correct the arbitration award to reflect her entitlement to fees and costs, which the trial court granted. (*Id.* at pp. 1812–1813.) On appeal, the *DiMarco* court agreed the arbitrator exceeded his powers by not awarding attorney fees as required by the subject agreement. (*Id.* at p. 1815) However, it held the trial court erred by determining the amount of attorney fees to be included in the corrected award. (*Id.* at pp. 1816, 1818.) The trial court was directed to remand the matter to the arbitrator for a determination of the appropriate amount of fees to award, as the issue of attorney fees for the arbitration proceeding was within the "arbitrator's purview." (*Ibid.*)

As Techna acknowledges, cases have declined to follow *DiMarco's* holding that an arbitration award is subject to correction where the award contradicts the parties' agreement.

9

(See, e.g., *Safari Associates v. Superior Court* (2014) 231 Cal.App.4th 1400, 1412.)  Nevertheless, its reasoning about the award of fees being within the arbitrator's purview is consistent with our conclusion that it was not for the trial court to decide the issue of entitlement to fees and costs in this case.  Further, the facts of *DiMarco* are distinguishable.  Unlike Techna, the defendant in *DiMarco* presented her claim for attorney fees and costs to the arbitrator and showed the arbitrator lacked discretion to deny such a request.  (*DiMarco*, *supra*, 31 Cal.App.4th at pp. 1815–1817.)  Techna does not demonstrate a similar reason to remand this matter to the arbitrator.

In short, the parties agreed the issue of attorney fees and costs incurred in arbitration was to be arbitrated.  The court was without authority to award Techna the requested fees and costs in the post-arbitration judicial proceedings.[4]

---

[4]     Given our conclusion, we need not and do not reach the parties' remaining contentions.

## DISPOSITION

The judgment is affirmed.  SFLA is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                     MORI, J.

We concur:


COLLINS, Acting P. J.


TAMZARIAN, J.

11