Filed 12/18/25  Buchalter v. HR E&I Co. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| BUCHALTER, A PROFESSIONAL CORPORATION,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HR E&I CO., LTD.,<br><br>        Defendant and Appellant. | A172779<br><br>(San Francisco City and County Super. Ct. No. CGC-23-606831) |

Appellant HR E&I Co., Ltd., (HR E&I) appeals from a judgment confirming an arbitration award in favor of its former attorney, respondent Buchalter.  We affirm.[1]

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Buchalter represented HR E&I, formerly known as Horyong Co. Ltd., in successfully obtaining a judgment of about $2 million against Chang and Young Ahn.  The amount of fees HR E&I owed Buchalter for its services was

---

[1] Even though we reject HR E&I's arguments, we deny Buchalter's motion for sanctions.  (See *Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1261 [appellate sanctions are used sparingly to deter only the most egregious conduct]; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 ["An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions"].)

disputed, and after Buchalter filed a lien against the judgment, the Ahns filed an interpleader for a portion of the disputed amount. The fee dispute was arbitrated, and the arbitrator awarded Buchalter a little over $250,000 in fees and costs.

Buchalter moved to confirm the arbitration award in the trial court. The court confirmed the award after rejecting HR E&I's arguments, including its arguments that the award was procured by fraud or undue means, and that the arbitrator exceeded his powers.

II.

DISCUSSION

A.     The Applicable Law.

It is axiomatic that judicial review of judgments confirming arbitration awards is limited. "[A]rbitral finality is a core component of the parties' agreement to submit to arbitration." (*Moncharsh v. Heily & Blasé* (1992) 3 Cal.4th 1, 10 (*Moncharsh*.)) Parties to an arbitration agreement must accept the risk of arbitrator errors because arbitrators are not required to make decisions according to the rule of law, and their decisions cannot be judicially reviewed for errors of fact or law even if the error is apparent and causes substantial injustice. (*Id.* at pp. 11–12). As a consequence, "an arbitral award should ordinarily stand immune from judicial scrutiny." (*Id.* at p. 32*;* see also *Shahinian v. Cedars-Sinai Medical Center* (2011) 194 Cal.App.4th 987, 1006–1007 [when an arbitrator errs " ' "in either determining the appropriate law or applying it," ' the parties may obtain court review of the merits 'only if the arbitration agreement expressly provided' " for such review], italics omitted.)

In considering an appeal from a judgment confirming an arbitration award, a reviewing court may not " 'review the merits of the dispute, the sufficiency of the evidence, or the arbitrator's reasoning, nor may [it] correct

2

or review an award because of an arbitrator's legal or factual error, even if it appears on the award's face.  Instead, [the reviewing court must] restrict [its] review to whether the award should be vacated under the grounds listed in [Code of Civil Procedure,] section 1286.2.' "[2]  (*EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, 1063–1064.)

One such ground relevant in this appeal allows a court to vacate an arbitration award if it was procured by "fraud or other undue means." (§ 1286.2, subd. (a)(1).)  Another ground allows a court to vacate an award where "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."  (§ 1286.2, subd. (a)(4).)

An arbitration award is subject to differing standards of review.  To the extent the trial court made findings of fact in confirming the award, we affirm the findings if they are supported by substantial evidence.  To the extent the trial court resolved questions of law on undisputed facts, we review the rulings de novo.  (*Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 11–12.)

### B. The Trial Court Properly Confirmed the Arbitration Award Because None of the Grounds Under Section 1286.2 Were Established.

HR E&I first argues that the trial court improperly confirmed the arbitration award because the award was procured by fraud or undue influence.  We are not persuaded.

HR E&I maintains that the alleged fraud related to three acts.  First, it contends that Buchalter claimed to be owed different amounts of fees, with "flimsy explanations" of the discrepancies.  Second, it contends that

---

[2] All further statutory citations are to the Code of Civil Procedure unless otherwise specified.

3

Buchalter tried to recover fees for work it did in connection with the interpleader action, even though the work provided no benefit to the company. Third, it contends that Buchalter tried to recover fees it paid during the arbitration process.

None of these contentions involve fraud within the meaning of section 1286.2, subdivision (a)(1). "Fraud" in this section means "extrinsic fraud which denies a party a fair hearing." (*Comerica Bank v. Howsam* (2012) 208 Cal.App.4th 790, 825.) "The essence of extrinsic fraud is one party's preventing the other from having [their] day in court." (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1067.) Fraud in section 1286.2 *does not* refer to intrinsic fraud, which refers to wrongdoing that the party alleging fraud could have, but failed, to discover. (*Id.* at pp. 1067–1068.)

HR E&I's contentions do not assert extrinsic fraud, because they do not allege that Buchalter did anything to prevent HR E&I from having its day in court or from litigating its objections with Buchalter's demands for fees and costs. In fact, HR E&I specifically raised its claims of fraud and undue means during the arbitration proceedings. Thus, it not only could have challenged—but in fact did challenge—Buchalter's alleged billing wrongdoing.

HR E&I claims it could not have discovered Buchalter's alleged fraudulent conduct, but the argument is unconvincing. The company asserts it was prevented from discovering Buchalter's alleged fraud because Buchalter, in responding to the company's request for the client file, failed to provide receipts, invoices, and other documents that would have supported the company's claims of fraud. But even if we assume that Buchalter failed to provide these documents to HR E&I, the reimbursement requests about

4

which HR E&I objects could have been—and again were—raised during the arbitration proceedings. HR E&I has simply not shown that it was prevented from challenging Buchalter's reimbursement demands in the arbitration proceedings or otherwise having its contentions heard.

HR E&I separately argues that Buchalter procured the arbitration award by undue means. According to the company, Buchalter did so by seeking reimbursement for third-party vendor fees incurred in litigation-related work without having first presented the vendors' invoices to HR E&I. HR E&I claims that submitting "these invoices during arbitration constitute[d] improper post hoc billing, without proper notice or client consent." But again, even assuming the truth of the assertion that Buchalter failed to first present its vendors' invoices to HR E&I, the claim does not constitute undue means within the meaning of section 1286.2, subdivision (a)(1). "Undue means" connotes behavior that is "immoral if not illegal." (*Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 831.) And, as with a claim of fraud, a claim of undue means cannot be used to set aside an arbitration award, giving the disappointed party " 'a second bite at the apple,' " when the conduct upon which the claim is based was either discoverable or discovered during the arbitration proceeding. (*Id.*, at pp. 831–832.) HR E&I's claim about the vendors' invoices hardly amounts to illegal or immoral conduct, and HR E&I could have objected—and again did object—to the reimbursement request during the arbitration proceeding.

HR E&I next argues that the arbitrator exceeded his powers because the arbitration award contravenes public policy by validating Buchalter's billing practices, which allegedly violated Business and Professions Code section 6148, subdivision (b), and various Rules of Professional Conduct. Section 1286.2, subdivision (a)(4) allows awards to be vacated when "[t]he

arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision." This "excess-of-authority exception applies, and an arbitral award must be vacated, when a court determines that the arbitration has been undertaken to enforce a contract that is 'illegal and against the public policy of the state.' " (*Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 73.)

While we recognize that arbitrators may exceed their powers if their award "violates a statutory right or otherwise violates a well-defined public policy" (*Department of Personnel Administration v. California Correctional Peace Officers Assn.* (2007) 152 Cal.App.4th 1193, 1195), such a violation must relate to "rights and policies governing the conduct of the arbitration *itself*," not to rights and policies pertaining to the parties' substantive or procedural disagreements. (*Sargon Enterprises, Inc. v. Browne George Ross LLP* (2017) 15 Cal.App.5th 749, 765.) So long as a disagreement is " '*within the scope of the controversy submitted to the arbitrator*[, t]the arbitrator's resolution of these issues is what the parties bargained for in the arbitration agreement.' " (*Alexander v. Blue Cross of California* (2001) 88 Cal.App.4th 1082, 1089.) Arbitrators do not exceed their powers when they decide "an issue [they were] clearly authorized to decide." (*Kahn v. Chetcuti* (2002) 101 Cal.App.4th 61, 66.)

Furthermore, we must "pay substantial deference to an arbitrator's determination of his own authority." (*Delaney v. Dahl* (2002) 99 Cal.App.4th 647, 655.) Any doubts about the arbitrator's power to decide issues must be resolved in the arbitrator's favor. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 372–373.) Applying these principles here, we simply cannot conclude that the arbitrator exceeded his powers by disagreeing with

6

HR E&I's substantive arguments about Buchalter's alleged improper billing practices.

Lastly, HR E&I argues that the trial court erred in declining to vacate the arbitration award under section 1286.2, subdivision (a)(5), because the arbitrator refused to hear evidence material to the controversy. Again, the argument is meritless.

To begin with, the arbitrator expressly stated he considered all the evidence submitted by the parties. Furthermore, a review of the record shows that what happened was not that the arbitrator refused to consider evidence, but instead that the arbitrator simply disagreed with HR E&I's arguments about the evidence. On appeal, HR E&I contends that the arbitrator "failed to reconcile" (1) its final award for attorney fees with Buchalter's "final billing," and (2) "the inconsistencies in Buchalter's claims as to attorney's fees owed." This failure to reconcile, according to HR E&I, resulted in it being responsible for more than $15,000 in additional fees with no explanation.

But HR E&I candidly admits that the billing information was before the arbitrator and that it raised its concerns to the arbitrator. Indeed, in its reply brief in this court, it directly stated that it "did not fail to make the proper arguments to the arbiter, the arbiter just refused to consider HR E&I's arguments." At bottom HR E&I's objection is not that the arbitrator refused to hear evidence, but is instead that the arbitrator did not agree with its preferred outcome. As we have said, the merits of the parties' arbitration disputes are not judicially reviewable. (*Moncharsh*, *supra*, 3 Cal.4th at p. 11.)

7

## III.
### DISPOSITION

The judgment confirming the arbitration award is affirmed.

Buchalter's request for sanctions is denied. (See *ante*, fn. 1.)

_____
Humes, P. J.

We concur:

_____
Banke, J.

_____
Langhorne Wilson, J.

_HR E&I Co., LTD. v. Buchalter_ (A172779)